JOHN H. ABBOTT *vs.* JOHN STEVENS.

Suffolk.    Nov. 11, 1874. — March 26, 1875.  WELLS & DEVENS, JJ., absent.

In an action on a promise in writing to pay on demand $100, borrowed and received on April 7, 1871, the defendant admitted the promise, but set up in defence that in a previous action brought by him against the plaintiff on an account annexed for $300, he credited the plaintiff with the $100 now sued for, and obtained judgment for the balance only.  At the trial the record of the prior action was put in evidence, by which it appeared that suit was brought for $300, and a credit given of $100 " cash received, for which due bill by way of receipt was given dated April 7, 1871 ; " that the defendant in that action made no refusal of the credit other than a general denial of each allegation in the declaration, and filed no declaration in set-off; and that the jury found for the plaintiff in the sum of $212.00.  The plaintiff then put in evidence the following entry on the clerk's docket : " Jury, in answer to court, stated that they had made no deduction on account of any alleged payment."  The presiding judge thereupon instructed the jury that the plaintiff was entitled to recover.  *Held*, that the defendant had good ground of exception.

CONTRACT upon the following instrument signed by the defendant : " Boston, April 7, 1871.  $100.  Borrowed and received of J. H. Abbott, Esq., one hundred dollars, which I promise to pay on demand."  The answer denied that the defendant was indebted to the plaintiff, and alleged that the plaintiff was indebted to him for $300 ; that at the time of the receipt of the $100, which was admitted, it was agreed that that sum should be credited as a payment towards certain work which the defendant was employed to perform for the plaintiff ; that the said instrument was given as a receipt for that sum ; that the defendant, since the completion of the work, had demanded payment with a credit for the said amount paid by the plaintiff ; that upon the plaintiff refusing to pay the balance, the defendant brought suit to recover it.  An additional answer was afterwards filed, alleg

ing that the defendant had obtained in the prior action a verdict against the plaintiff for the balance due him after crediting the plaintiff with the said $100. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows :

Stevens admitted tne promise alleged in the declaration, and then proved that he brought an action of contract against Abbott in this court on a writ dated September 21, 1871, returnable to January term 1872. The declaration attached to the writ was on an account annexed, the account being :

" John H. Abbott, Dr. to John Stevens for designs for dwelling-house . . . . $300.00
" Cr. by cash received for which due bill by way of receipt was given dated Boston, April 7, 1871 . . . . . . . . 100.00

Balance $200.00 "

Abbott, in his answer, made no refusal of the said credit other than his general answer denying each allegation in the declaration, and filed no declaration in set-off on account of the promise on which the present action was brought.

Stevens also put in evidence the verdict of the jury, dated January 16, 1873, as follows : " The jury find for the plaintiff, and assess damages in the sum of two hundred and twelve dollars."

The plaintiff put in evidence the following entry in the clerk's docket in the cause of Stevens against Abbott : " Jury, in answer to court, stated they had made no deduction on account of any alleged payment."

The defendant requested the judge to rule that the plaintiff was not entitled to recover. This request was refused. The defendant further requested the judge to rule that the plaintiff was not entitled to recover costs. This request was refused. The counsel for the plaintiff then requested the judge to direct the jury to find a verdict for the plaintiff for the sum of $100, with interest from the date of the writ, which request was complied with ; and the defendant alleged exceptions to this ruling and to the refusals to rule.

*F. S. Hesseltine*, for the defendant.

*H. W. Chapin*, for the plaintiff.

COLT, J.   In defence of this action the fact is relied on that in a previous action on an account annexed, brought by this defendant against this plaintiff, a credit on account of and to the full amount of the demand here sued was allowed to the plaintiff in the account annexed, and judgment rendered for the balance only.   The record in that case shows that such a credit was given.   The answer denied each allegation in the declaration. The verdict was a general verdict for the plaintiff in the usual form ; and the amount of damages assessed plainly indicates that it was rendered for the balance claimed to be due, after allowing the credit with interest.

Upon this evidence, standing alone, it is clear that the plaintiff is bound by the credit which the defendant has so given. After judgment it must be taken to be a payment to the extent of the credit at least, and when the credit is for all that can be justly claimed, a subsequent action for the recovery of that item will be fully barred.   *Briggs* v. *Richmond*, 10 Pick. 391.

The plaintiff seeks to avoid the effect of this evidence by an entry found upon the clerk's docket in the same case in the following words :  " Jury, in answer to court, stated they had made no deduction on account of any alleged payment."   But the difficulty is that this statement, standing alone, as a mere memorandum upon the docket, is ambiguous and incomplete.   It does not appear to what payment the answer of the jury related, nor from what amount claimed the jury had made no deduction. It does not appear from the bill of exceptions that payment was pleaded at all in the original suit; but if it was, or if without regard to the pleadings evidence of payment was introduced, then the payment referred to in the memorandum would seem to mean payment by the defendant in reduction or satisfaction of the balance then claimed, rather than to mean that the jury had made no deduction on account of a credit which the plaintiff had himself given in his account annexed.

The effect of the previous credit and judgment cannot be said as matter of law to be defeated by the memorandum in question and it was error for the judge to direct the jury as matter of law to find for the plaintiff.                    ·     *Exceptions sustained.*