CULHANE et al., Appellants, v. ETTING et al., Respondents.

(153 N. W. 301.)

(File No. 3723. Opinion filed June 19, 1915.)

1. **Judgment—Res Judicata—Pleadings—Matters Concluded—Credit Due Defendant Plead in Complaint—Offer of Judgment by Defendant—Subsequent Suit for the Credit, When Barred.**

Where, in a former suit to recover damages for negligent setting of fire to plaintiffs' barley stack by defendants (plaintiffs in the present suit) while threshing for plaintiff, the complaint alleged a credit due defendants from plaintiff for the threshing, which might be deducted from plaintiffs' damages, and prayed judgment for an alleged balance, and defendants answered by general denial, and offered to allow plaintiffs therein to take judgment for a certain amount, which offer was accepted and judgment entered accordingly, held, that, in the present suit, by defendants in the former suit, to recover of plaintiffs in said former suit for the threshing, the judgment in the former suit is a bar to the present action.

2. **Evidence—Judgment Roll in Former Suit—Unnecessary but Material Allegation, Offer of Judgment Based Thereon, Admissibility.**

· A judgment roll in a former suit to which the present plaintiffs were parties defendant, which roll embraced a complaint alleging, among other things, a credit in favor of defendants in that suit for certain threshing, held, in the present suit by those of the defendants in the former suit who did the threshing, to recover therefor, that said judgment roll was properly admitted in evidence; that while the allegation therein as to the thresh bill was unnecessary, it was material, constituting an allegation on which said defendants in the former action had a right to rely in making an offer of judgment therein, the offer having been accepted.

**3.  Evidence—Parol, to Vary Judgment Roll—Res Judicata.**
> Matters appearing in a judgment roll, on which is based a judgment plead as res judicata, cannot be varied by parol.

Appeal from Circuit Court, Brookings County.   Hon. CARL G. SHERWOOD, Judge.

Action by John Culhane and another, partners as Culhane & Kinney, against George Etting and another.   From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal.   Affirmed.

*M. E. Culhane,* and *Olaf Eidem,* for Appellants.

*Hall, Alexander & Purdy,* for Respondents.

(1) Under point one of the opinion, Appellant cited:  Hunt v. Brown, 15 N. E. 590 (Mass.); Brown v. Gallaudet, 80 N. Y. 413; Lessler v. Gerli, 126 N. Y. Suppl. 698.

Respondent cited:  23 Cyc. 729; 24 Ency. of Law, 796; Brigg v. Richmond, (Mass.) 20 Am. Dec. 526; Abbott v. Stevens, 117 Mass. 340, 342; 2 Black on Judgments, Sec. 765; 23 Cyc. 1204.

(2) Under point two of the opinion, Respondent cited:  23 Cyc. 1540.

McCOY, P. J.   [1] In this action plaintiff sought to recover from defendants a bill for threshing in the fall of 1910.   The defendants admitted the performance of the threshing for them, and on the trial the amount of the value of such services was stipulated to be $132.18; and it was also stipulated that said claim for said threshing was unpaid, unless the same was satisfied by a credit which was allowed to plaintiffs in a certain judgment rendered in the circuit court in a prior action wherein these defendants, Etting and Mills, were plaintiffs, and these plaintiffs in this action, together with certain sureties on their threshers' bond, were defendants.   It was found by the trial court that the said bill for threshing was satisfied and paid by the judgment in the prior action, and it rendered judgment accordingly, and plaintiffs appeal, assigning the insufficiency of the evidence to justify the finding, and also errors alleged to have occurred in the reception and rejection of evidence, duly excepted to by plaintiffs.

The sole and only question before this court, upon the merits, is whether or not the said prior judgment set up in defendants' answer is res judicata in this case.   The complaint in

the prior case, in so far as the allegations thereof are material in this case, in substance was as follows: That defendants, Culhane and Kinney, were the owners of a steam threshing machine, and, about the month of September, 1910, did carelessly and negligently cause to be set by said threshing machine a fire, thereby destroying barley and straw of said plaintiffs, to plaintiffs' damage in the sum of $718.50; that no part of said damages has been paid, but defendants are entitled to a credit for the sum of $132.18 for the threshing done for plaintiffs in the fall of 1910, which amount may be deducted from the amount of damages sustained by plaintiffs, wherefore plaintiffs demand judgment against defendants for the sum of $586.32, together with interest and costs. Defendants in the prior action appeared and made answer denying the allegations of the complaint. Thereafter the appellants, as defendants in the prior action, offered to allow plaintiffs in that action to take judgment for the sum of $184.50, together with interest and costs, which offer of judgment was accepted. We are of the view that the finding of the trial court was right. If the respondents were of the view that appellants, as plaintiffs in the former action, could not prove their loss by fire to exceed $316.78, then respondents, as such defendants, had the right to offer to allow judgment to be taken against them for the amount of $184.50.

[2] On the trial respondents offered in evidence the judgment roll in the prior action, to which offer appellants objected as incompetent, irrelevant, and immaterial, it not appearing in the judgment record that the allegation in regard to the thresh bill was a material allegation of the complaint, or that it was in any manner considered by the court in arriving at its determination in that action. We are of the view that the objection was properly overruled. While the allegation as to the thresh bill was not a necessary allegation in the complaint in the prior action, it was nevertheless material and therein alleged, and was one of the material matters upon which respondents had the right to base, and take into consideration in making, their offer of judgment. Abbott v. Stevens, 117 Mass. 340; Briggs v. Richmand, 10 Pick. (Mass.) 391, 20 Am. Dec. 526.

[3] We are also of the view that the matters appearing in

the judgment roll upon which the judgment was based cannot be varied by parol evidence.

The judgment and order appealed from are affirmed.