KAEHLER vs. DOBBERPUHL.

*December 13, 1882 — January 9, 1883.*

CONTEMPT. *(1, 2) Disobedience of order improvigently issued: Indemnity. (3) Rights of party while in contempt.*

1. A party not entitled to an injunction can suffer no legal damages for its violation.
2. A court may, in vindication of its injunctional order, punish a party for a wilful violation thereof, notwithstanding such order ought not to have been granted; but it may not, in such case, order the party disobeying to pay any sums as an indemnity to the opposite party.
3. A party against whom an injunction is issued upon an *ex parte* application has the legal right to demand a hearing upon the question of the regularity and propriety of issuing the same, and the fact that he may have violated such injunction does not deprive him of that right.

APPEAL from the Circuit Court for *Ozaukee* County.

The case is stated in the opinion.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, with *F. W. Horn*, of counsel, and oral argument by *Mr. Cotzhausen*.

*E. S. Turner*, for the respondent.

TAYLOR, J. This is an appeal from an order of the circuit court of Ozaukee county, adjudging the appellant guilty of a contempt of court, for violating a preliminary injunction issued in the case of *Adelaide F. Kaehler v. Charles Dobberpuhl and the Town of Cedarburg.* [See *ante*, p. 480.] The record in the case shows that notwithstanding a preliminary injunction had been granted and served upon the defendant *Dobberpuhl*, he proceeded to attempt to collect such tax, levied upon personal property of the plaintiff for that purpose, and offered the same for sale, and that after selling a few articles the plaintiff replevied the property so seized from the possession of the said *Dobberpuhl;* that after such seizure of personal property by the defendant *Dobberpuhl*, the plaintiff proceeded against him and his assistants for a contempt of court for violating such injunctional order; that such proceeding for contempt was brought to a hearing, and a final order was made therein March 7, 1882, by which the court "determined, ordered, and adjudged that the said defendant *Dobberpuhl* is guilty of contempt and misconduct, as alleged against him in said several affidavits and papers on file, in this, that he has violated said injunctional order as set forth in said affidavits [a copy of which injunctional order is set out in such final order]. That such violation and misconduct was calculated to and did actually defeat, impair, impede, and prejudice to a great extent the rights and remedies of the plaintiff in her said action, and an actual loss and injury has been caused to the plaintiff thereby, and that said defendant *Charles Dobberpuhl* must be held to pay

to said plaintiff a sufficient sum to indemnify her, and to satisfy her costs and expenses therein, for his individual violation of said order of injunction. And it is therefore further hereby ordered and adjudged that the said defendant *Charles Dobberpuhl* pay to the said plaintiff or her attorney, towards indemnity for her said loss, prejudice, and injury, and for her being annoyed and impeded in her said action as aforesaid, the sum of $50. And it is further hereby ordered and adjudged that said *Charles Dobberpuhl* individually pay to said plaintiff or her attorney, as his proportion of counsel fees in this matter, and the matter set forth in said affidavits, the sum of $30, and towards the costs and disbursement of said plaintiff in and about the same, the sum of $14."

The order then proceeds to direct the imprisonment of the defendant, in default of payment of said several sums, not exceeding sixty days in all, and then proceeds as follows: " And it is further ordered and adjudged that the foregoing order, awards, and payments, when performed, satisfied, and made, are to extend no further than as the proportion of indemnity of said *Dobberpuhl* to the plaintiff, as aforesaid, for her loss and damages and costs and expenses in and about these proceedings for contempt referred to herein, and as set forth and alleged in said affidavits, read and filed as aforesaid, for the misconduct and violation by said defendant as aforesaid of said injunctional order, and the protection of the plaintiff's rights and remedies in the action out of which said injunctional order was granted, and not for the purpose of pursuing said defendant for a criminal contempt, or to affect said plaintiff in regard to any action commenced, or that she may see proper to commence, to recover the possession of personal property from said defendant, or for damages for the seizure, injury to, detention, or conversion of the same or any part thereof. And this order shall in no way interfere with or affect any other subsequent proceedings

by said plaintiff against any other person or persons for a contempt or punishment or indemnity therefor for a violation of said injunctional order."

It will be seen that this order is based on the supposition that the plaintiff had a good cause of action against the defendant, entitling her to restrain him from the collection of the taxes upon her lands, and that the violation of such injunction was an injury to her in the prosecution of the same. The order of the court from which this appeal is taken was not made to vindicate the just authority of the court, and as a punishment for the contempt of such authority by the defendant, but to indemnify the plaintiff in the action for supposed losses and injuries which she claims to have sustained by reason of the violation of the order of the court made to protect her rights. As we have held on the appeal from the order of the circuit court refusing to dissolve the injunctional order, by the violation of which the appellant claims to have been injured, that the circuit court should have dissolved the same, for the reason that the plaintiff's complaint and the other evidence in the case show conclusively that no sufficient cause had been shown for issuing the same, and that the same was improvidently issued, it is evident that the order from which the appeal is taken cannot be sustained. It would be clearly inequitable and unjust to indemnify the plaintiff for the violation of an injunction which never ought to have been granted to her, and for the obtaining of which she would be liable to the defendant in damages.

It is urged by the learned counsel for the respondent that because the appellant was in contempt when he made his motion to dissolve the injunction, his motion should have been denied for that reason alone irrespective of the merits. It might be a sufficient answer to this objection that the circuit judge did not refuse to hear the defendant's motion on the merits for that cause, but did hear it on the merits, and denied the defendant's application to dissolve the same on the

Kaehler vs. Dobberpuhl.

merits; and having denied such application upon the merits, upon the application of the plaintiff proceeded against him for a contempt in violating the same, and awarded damages to the plaintiff in such proceeding for the supposed violation of her rights under said injunctional order.

But a party in contempt is not deemed by the courts an outlaw, nor do courts disregard his legal rights pending proceedings to punish him for such contempt. The rule seems to be that while in contempt the courts will not grant him any favors, but it will see that his legal rights are protected. A party against whom an injunction is issued upon an *ex parte* application, has the legal right to demand a hearing upon the question of the regularity and propriety of issuing the same (sec. 2781, R. S.); and the fact that he may have violated such *ex parte* injunction does not deprive him of that right. This is the rule laid down in 1 Crary's N. Y. Pr., 204–209; *Field v. Chapman,* 13 Abb. Pr., 320; *Rogers v. Paterson,* 4 Paige, 450; *Smith v. Austin,* 1 Code R. (N. S.), 137. Justice HARRIS, in the last case cited, says: "It is true that when a party is in contempt he is entitled to no favor. But it is not granting a favor to a party to dissolve an injunction which ought never to have been allowed. This is his right." In *Johnson v. Pinny,* 1 Paige, 646, Chancellor WALWORTH, in denying an application for a favor on the ground that the party asking it was in contempt, says: "I do not intend to be understood as applying this principle to an application which is a matter of strict right, as a motion to set aside proceedings for irregularity." *King v. Bryant,* 3 Mylne & C., 191; *Mead v. Norris,* 11 Wis., 315. We think it very clear "that a party not entitled to an injunction can suffer no legal damages for its violation." The order in this case giving the plaintiff indemnity is clearly erroneous. Whether the defendant should be charged with the costs of the proceeding for contempt need not be decided.

That the court has the right, in vindication of its order, to

punish the defendant for a wilful violation thereof, notwith-standing the same ought not to have been granted, is un-questioned; but the plaintiff has no right to recover damages in this form for a violation of her rights. She had no rights, under the circumstances, which could be prejudiced by a violation of the injunctional order, not having shown to the court that she had any rights which the court ought to pro-tect by such order.

The other objections to the order — that the court awarded damages to the plaintiff as an indemnity for the injury sus-tained by her in consequence of the violation of such in-junction, without any proofs of such injury; that the court apportioned against the appellant a portion only of the in-jury she had sustained; and that the order reserved to the plaintiff the right to proceed in her action of replevin, or in such other action as she might be advised to institute, to re-cover other damages which may have been sustained by reason of the violation of such injunction — need not be determined in this case.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.