## KAEHLER vs. HALPIN and others, imp.

*November 21 — December 11, 1883.*

APPEAL TO S. C. *(1) When joint appeal may be taken.*
CONTEMPT. *(2) Disobedience of order improvidently made: indemnity.*

1. All parties against whom a judgment is entered may join in an appeal therefrom, even though their interests be different and the judgment affect them differently.
2. A party may be punished for the wilful violation of an injunctional order, although such order ought not to have been granted; but he cannot, in such case, be compelled to pay any sum as indemnity to the opposite party. *Kaehler v. Dobberpuhl,* 56 Wis., 497.

APPEAL from the Circuit Court for *Ozaukee* County.

The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from a final order of the circuit court of Ozaukee county, made in said action, punishing *Thomas Halpin* and eleven others for a contempt of court in violating an injunctional order made in said action. The proceedings for contempt were had under ch. 150, R. S. 1878, and the order was made under secs. 3489 and 3490, R. S. 1878. The court ordered the defendants in the contempt proceedings to pay the plaintiff in the action certain sums of money to indemnify her for alleged losses and damages she claims to have sustained by reason of the violation of said injunctional order, and further sums to pay for counsel fees in the contempt proceedings, and for the costs and disbursements of the plaintiff in said proceedings. The twelve persons named in the order appealed from were all proceeded against jointly, and but one final order was made, finding them all guilty of the contempt alleged against them. The order, after reciting the charge made against them and the proceedings had thereon, proceeds as follows: ' And all the foregoing matters having been duly examined and considered by this court, and thereupon it appearing to this court that

each of said persons charged, namely, *Thomas Halpin* [and the eleven others who bring the appeal], is guilty of the misconduct and contempt alleged in said affidavits by said plaintiff filed as aforesaid, and thereupon it is adjudged that each of said persons is guilty of contempt of this court for such misconduct, in violating the said injunctional order, a copy of which is as follows.' The copy of the injunctional order is then set out. The order then states 'that the misconduct and violation of such order actually defeated, impaired, impeded, and prejudiced, to a great extent, the rights and remedies of the plaintiff in said action, and that an actual loss and injury had been occasioned to the plaintiff thereby, and that each of said persons last hereinbefore named as charged with such misconduct must be held to pay to the said plaintiff a sufficient sum to indemnify her and satisfy her for such person's proportion of her costs and expenses herein, for his individual misconduct and violation of said injunction.'

"The order then adjudges that the said persons, for their misconduct, shall pay to the plaintiff, towards indemnifying her for said loss, etc., the sum of $288.50, and orders that of such sum *Halpin* pay $233.50, and that the other eleven pay the sum of five dollars each. The order then requires the defendants to pay the plaintiff for counsel and attorney's fees the sum of $464.69, and that of said sum said *Halpin* pay $409.69, and the other eleven the sum of five dollars each; and further directs that the said *Halpin* pay the plaintiff for her costs and disbursements in this proceeding the sum of $166. The order then directs the imprisonment of the several defendants in said proceedings if they fail to pay the respective sums ordered to be paid by them respectively.

"The proceedings show that but one order to show cause was made in these proceedings, and that the persons named in the final order were joined in said order to show cause;

in which order the defendants in this proceeding were charged with violating said injunctional order as the assistants of the defendant Dobberpuhl, who, it seems, was proceeded against separately for the violating of said injunction. All the persons adjudged guilty of the contempt, and against whom the order for payment of the indemnity to the plaintiff, and for counsel fees and the costs and disbursements of the plaintiff in said proceedings, was made, join in appealing from said order to this court."

For the appellants the cause was submitted on the brief of *Cotzhausen, Sylvester & Scheiber.*

*E. S. Turner,* for the respondent.

TAYLOR, J.   Upon the argument in this court the learned counsel for the respondent insists that the appeal should be dismissed, for the reason that the several parties named in said order cannot join in an appeal to this court. The argument of the counsel seems to be that the judgment, although in one order, is a several judgment against each party named therein, and that each can discharge himself from said order by paying the specific amount charged against him, and he has, therefore, no interest in common with the other persons named in said order. It is undoubtedly true that each party named in the order can discharge himself by paying the amount ordered to be paid by him, and so is not interested in the payment of the sums charged against his co-defendants. They are, however, all interested in the main question in the case, viz., whether the order adjudging them guilty of a violation of the injunction was properly made, and whether, if they were properly found guilty of such violation, the court had the authority, under the evidence in the case, to make an order requiring them to indemnify the plaintiff for her supposed losses occasioned by such violation. All the defendants having a like interest in these questions, we think it very clear that they not only may join in an ap-

peal from the order, but that the better practice is to require them to do so, if they desire to appeal at all. If each had taken a separate appeal and the appeals were pending in this court, it is evident that the appeals should be heard together and upon the same record, in order to avoid inconsistent decisions arising out of the same transaction. The difficulties which might grow out of separate appeals in a case of this kind are alluded to in the case of *Kluender v. Fenske, ante,* p. 35. This court clearly recognizes the right of all persons against whom the judgment is entered to join in an appeal to this court, even though their interests may be different and the judgment rendered may affect them differently. If the parties appealing are all jointly interested in the questions decided in the action, they ought to appeal jointly. It is a saving of time and expense to permit them to do so, and we know of no rule of law which prevents them from doing so. The appeal was properly taken, and the motion to dismiss must be denied.

The merits of the order were not discussed upon the hearing in this case. The main question presented on the appeal from the order in this case was disposed of by this court in the case of *Kaehler v. Dobberpuhl,* 56 Wis., 497. In that case it was expressly held that "a court may, in vindication of its injunctional order, punish a party for a wilful violation thereof, notwithstanding such order ought not to have been granted, but it may not, in such case, order the party disobeying the same to pay any sum as indemnity to the opposite party." On an appeal from the injunctional order granted in the case of *Kaehler v. Dobberpuhl, Town Treasurer, et al.,* and for a violation of which proceedings were taken against Dobberpuhl and the present appellants for contempt, it was held by this court that the injunctional order was improvidently issued, and it was reversed by this court. See *Kaehler v. Dobberpuhl, etc.,* 56 Wis., 480.

There is sufficient in the record in this case to show that

the contempt for which the appellants were adjudged guilty was a violation of the injunctional order made in said action of *Kaehler v. Dobberpuhl, etc.*, which was reversed by this court on the appeal in that case for the reasons stated above. We must hold, therefore, as we did on the appeal from the order adjudging Dobberpuhl guilty of a contempt for violating such order, that the court was not authorized to direct the defendants to pay any sums as an indemnity to the plaintiff. This court having determined that the injunctional order should not have been issued, as said in the case above cited, " it would be clearly inequitable and unjust to indemnify the plaintiff for the violation of an injunction which never ought to have been granted to her, and for the obtaining of which she would be liable to the defendant in damages." The case was not one which authorized the court to indemnify the plaintiff in the action under the provisions of said secs. 3489 and 3490, R. S. Although the proceedings against the appellants were under said ch. 150, and were evidently carried on with the intent to charge them under the sections above cited, the circuit court would undoubtedly have the power, under such proceedings, to punish them for a criminal contempt by imposing a fine, or by imprisonment, or both, if found guilty of the contempt charged against them. Upon the return of the record in this case, the circuit court may, in its discretion, upon notice to the appellants, and upon the proofs already taken in these proceedings, and such other proofs as may be offered by the respective parties, determine whether such appellants should be punished by fine or imprisonment, or both, for the misconduct charged against them.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.