DOWNS, et al., Appellants, v. BRUCE INDEPENDENT
SCHOOL DISTRICT NO. 49, of Brookings County,
South Dakota, Respondent.

(187 N. W. 620.)

(File No. 4917.   Opinion filed March 31, 1922.)

1.   Appeal—"Decision and Action" of Education Board in Adopting
     Teachers' Committee Report "Discharging" Appellant Teachers,
     Appeal From—Adoption of Committee Acts, As Action of
     Board.

     Where board of education of school district, as shown by
     record on appeal from its "decision and action" in adopting a
     teachers' committee report "discharging" appellant teachers,
     accepted said report, the acts and findings of said committee
     (being a committee of the board) became the acts of the board
     itself.   So held, on motion to dismiss the appeal.

2.   Appeal—School District Board, Statutory Appeal From "Decision
     and Action" of Board in Adopting Committee Report "Dis-
     charging" Appellants Teachers—Statute Re Appeals "Relative
     to School Matters," Whether Appeal Lies—Jurisdiction On
     Appeal—Both Independent and Other School Board Decisions
     Appealable.

     An appeal by school teachers from "the decision and action"
     of a school board of education, under Sec. 7492, Code 1919,
     providing for appeals to circuit court from decisions of school
     boards "relative to school matters," wherein the board adopted
     a report of a teachers' committee of the board "discharging"
     appellants as teachers, while the committee record showed res-
     ignations of appellants "received and accepted by the commit-
     tee," the board's record showing said report "accepted," held,
     that the action appealed from was "a school matter," and cir-
     cuit court had jurisdiction to try the appeal; and under said
     statute no distinction arises between appeals from both inde-
     pendent and other school districts.

3.   Same—Notice of Appeal From Board Decision "Adopting" Report
     of Committee "Discharging" Appellants, Record Showing "Ac-
     ceptance" of Committee Report Accepting "Resignations,"
     Whether Notice Describes Board's Action.

     A notice of appeal from action of a board of education
     "wherein said board adopted" a teachers' committee report
     "discharging" appellants as teachers, the appeal record show-
     ing said committee accepted "resignations" of said teachers
     and that the board "accepted" the committee report,—was a
     sufficient notice as describing the action on proceeding appealed
     from. .

4. **Same—Recital of Facts By Education Board As Showing Acceptance of Committee Report Accepting "Resignations," Whether Conclusive Against Appellants' Right to Show Nonresignations—Not Verity of Record, But Whether Proceeding Reviewable—Ontjes v. Thomas Distinguished.**

On motion to dismiss appeal from action of board of education in effect adopting report of teachers' committee accepting the "resignations" of appellant teachers, the notice of appeal being from decision of board "discharging" said teachers, **held,** the facts recited in board's return is not final and conclusive, nor the appeal ineffectual, as contended by respondent board, in that the record precludes controversy as to whether there were or not resignations. Ontjes v. Thomas, 184 N. W. 695, distinguished.

5. **Same—Board's Action As Finding That Appellants Resigned—Right to Appellate Review De Novo Re Finding.**

It being undisputed that board of education did what its record or return recites, i. e., accepted committee's report showing acceptance of "resignations" of appellant teachers, **held,** such finding may be reviewed de novo on appeal. So held, against contention that board's record is conclusive as an ultimate finding of fact.

6. **Same—Appeal As One From "Discharge" of Appellant Teachers—Whether Non-appealable Because Remedy By Action For Salaries Applies.**

The right of appeal given by Sec. 7492, Code 1919, embracing appeals from school boards decisions "relative to school matters," is not conditioned upon existence of other remedies.

7. **Schools—Teachers, Whether Mandamus, Injunction, or Other Writ Lies to Compel District or Board to Permit Teacher to Act, Re Contract Rights—Otherwise Under School Appeal Statute—What Issue on Appeal—How Limited.**

On motion to dismiss appeal of school teachers from decision of board of education involving acceptance of their "resignations," **held,** that, while as a general rule with few if any exceptions, writs of mandamus, injunction, etc. may not be employed to enforce contract rights, yet where, as by Sec. 7492, Code 1919, appeals from such decisions to circuit court are given, and authorizing appellate court to review school board's acts and to enter judgment or order in such form as the "circumstances and very right" of particular case may require, and for enforcement thereof by "writ of execution, mandamus or prohibition, or by attachment as for contempt," those remedies are thus made applicable; and if on trial de novo it shall appear that appellants never did resign, "the very right of the case" would demand annulment of the proceeding or action

appealed from; and upon such trial the sole issue of fact would be whether or not they resigned; moreover, board being bound by its record, it could not maintain that any other ground of removal than resignation existed; which rule answers also the suggestion that no statute limits grounds for dismissal of a teacher.

8. **Appeal—Decision of School Board "Dismissing" Appellant Teachers, Re Notice of Appeal, Appellate Jurisdiction to Try "Resignation" Question.**

The fact that the notice of appeal from school board's decision refers to "discharging" appellant teachers, while the record or return of the board shows its acceptance of teachers' committee report accepting their "resignation," did not deprive appellate (circuit) court of jurisdiction to try question whether or not they "resigned;" since the board's action in effect was no more nor less than wrongful "dismissal;" and such recital in notice of appeal can not be urged as a variance on pleading justifying exclusion of evidence of non-resignation.

9. **Same—Whether Appealed-from Action of Board Was Discretionary, Not Pertinent Question on Motion to Dismiss Appeal.**

Whether or not the action of the school board here appealed from was discretionary, it would be before trial court for determination, and is not determinable by this Court on motion to dismiss appeal.

10. **Same—Appeal From Decision Involving Teachers' Right to Act—Whether Joint Appeal Maintainable.**

Several school teachers, whose right to continue in school work and receive salaries is involved in the decision of school board appealed from, may join in an appeal therefrom under Sec. 7492, Code 1919; since, while they could not maintain joint action for damages, nor jointly appeal were separate judgments involved, they may join in appeal from a single action or decision of board affecting rights of both parties alike, and with which both are "dissatisfied."
      Whiting, J., dissenting.

Appeal from Circuit Court, Brookings County. Hon. WIL-LIAM N. SKINNER, Judge.

At a meeting of the board of education of School District No. 49, Brookings County, South Dakota, a "Teachers' Committee Report" accepting the resignations of Mabel Anderson and Eva Downs, was adopted; from which action of said board, said Eva Downs and Mabel Anderson appealed to the Circuit Court. From an order of said court dismissing said appeal, said appellants and

plaintiffs appeal.    Reversed, and remanded for further proceedings.

*Hall & Purdy,* for Appellants.

*Cheever & Cheever,* and *Alexander & Alexander,* for Respondent.

(2)   To point two of the opinion, Appellants cited:  Kirkpatrick v. Ind. School Dist., 53 Ia. 585; Harkness v. Hutchinson (Tex. Sup.) 38 S. W. 1120, 90 Tex. 383.

Respondent cited:  Ex parte Brown, 21 S. D. 515, 114 N. W. 303; Sec. 7492, Code 1919.

(3)  To point three, Appellants cited:  Luse v. Luse, 9 Oreg. 149; 2 Encyc. Pl. & Pr. 217.

(4)   To point four, Respondent cited:  In re Skelly's Estate, 21 S. D. 24, 113 N. W. 91.

(10)   To point ten, Appellants cited:  2 Encyc. Pl. & Pr. 189; Kahler v. Halpin, 59 Wis. 42; 3 C. J. 1009.

SMITH, J.   Section 7492, Revised Code 1919, provides that appeals may be taken to the circuit court from decisions of school boards relative to school matters.

Plaintiffs, who are appellants here, appeal from "the decision and action" of the board of education of respondent district. The notice of appeal recites the act of the board as follows:

"The decision * * * wherein said board adopted a certain report of the teachers' committee of said board * * * discharging these appellants and each of them as teachers in the * * * schools maintained by said * * * district."

As required by statute, the clerk of the school board transmitted to the clerk of the court a certified copy of the record of the proceedings of the board and all original papers filed in his office in such matter, including the notice of appeal.  In the record thus transmitted was a copy of the report of the teachers' committee referred to in the notice of appeal.  Respondent moved for an order dismissing the appeal, which was granted by the trial court.  From this order plaintiffs appeal to this court.  The report of the teachers' committee referred to in the notice of appeal and contained in the record, recites that—

"On October 14th the resignations of Miss Mabel Anderson and Miss Eva Downs were received and accepted by the commit-

tee. Miss Eva Thompson and Miss Alice Grape were secured by the committee to fill the vacancies."

The action of the board is recited as follows:

"Moved, the report of the teachers' committee be accepted. Seconded, and unanimously carried."

[1] The acts and findings of fact of the teachers' committee were thereby adopted and became the acts of the board itself. Respondent based its motion in the lower court for dismissal of the appeal upon nine grounds: (1) that the circuit court had no jurisdiction to hear, try, or determine said attempted appeal; (2) that the statute does not provide for appeals from the action or proceedings of boards of education of independent school districts; (3) that the action attempted to be appealed from is not appealable; (4) that the action attempted to be appealed from is not in a school matter; (5) that the notice of appeal did not state the decision appealed from in a clear or concise manner, in that (6) the action appealed from was one adopting and approving the report of the teachers' committee, accepting the resignation of appellants, whereas the record shows that the only action of the board was the adoption of the report of the teachers' committee and was not an act discharging appellants as teachers; (7) that a joint appeal will not lie, in that (8) the interests of appellants are not joint; (9) that the decision appealed from involves the exercise of discretion, and abuse of discretion is not shown.

[2] That the action appealed from was "a school matter," and that the circuit court has jurisdiction to try such an appeal, are too clear to require discussion. It is equally clear that the statute providing for such appeals makes no distinction between, and authorizes appeals from, the decisions of both independent and other school districts.

[3] Respondent's contention that the notice of appeal is insufficient in that it does not correctly describe the action or proceeding appealed from is too technical to require serious consideration. The identity of the action of the board appealed from is sufficiently disclosed by notice of appeal and the return of the clerk, and respondent is not in a position to complain that it was not fully advised by the notice of appeal of the particular matters to be reviewed in the appellate court.

[4]   Respondent also earnestly contends, in support of the action of the trial court, that the facts recited in the return made by the board of education must be accepted as final and conclusive, and cannot be controverted or disputed in the appellate court, and for that reason an appeal would be ineffective and idle, and no prejudice could result from the order dismissing the appeal, and in support of this contention cites Ontjes v. Thomas (S. D.) 184 N. W. 795. We are of the view that the rule announced in that case is correct, but has no application here. Briefly stated, it was held that, where the record sent up shows that the order complained of and purporting to be appealed from was never, in fact, made by the trial court, the record was conclusive, and a motion to dismiss the appeal would be sustained. Of course, in such case a mere defect in the record could have been remedied on a suggestion of diminution of the record, and an application to require a corrected record to be sent up. But no question of the correctness of the record is presented in this case. The only question is the right of appellants to a trial de novo upon the matter contained in the record. There are many cases holding that the record of school districts cannot be drawn in question collaterally. Such cases are referred to in 23 R. C. 160, one of them being Andrews v. Boylston, 110 Mass. 214, to the effect that omissions in such records cannot be corrected or supplied by parol. See Culhane v. Etting, 35 S. D. 544, 153 N. W. 301; Brink v. Dann, 33 S. D. 81, 144 N. W. 734. The question before us is not whether the return made by the board is a verity, but whether appellants are entitled to a review on appeal of the identical proceeding of the board recited in the record.

[5, 6]   That the school board did exactly the things recited is conceded, and appellants are not seeking to dispute the fact that such action was taken. The board, by its action adopting the report of the teachers' committee, in effect found as a matter of fact that these appellants had resigned. To say that such finding cannot be reviewed on appeal would entirely destroy the right of appeal given by the statute. If the action of the board cannot be reviewed de novo in this case, because their record is conclusive on appeal, every appeal from the action of a board of education in a school matter involving disputed matters of fact can be dismissed on motion for want of jurisdiction, and the

statute giving the right of appeal rendered null and meaningless. Again, it is suggested that this appeal will not lie even from an order discharging appellants, for the reason that, if wrongfully discharged, they have an adequate remedy by an action at law to recover the salaries due under their contracts. It is sufficient to observe that the right of appeal given by the statute is not conditioned upon the existence of any other remedy. It is again urged that neither mandamus, injunction, nor any other writ can be issued by any court to compel a school district or school board to permit a teacher to occupy her place in a school, where her right rests solely upon contract.

[7] It is true, of course, as a general rule and with very few, if any, exceptions, that such writs may not be employed to enforce rights resting wholly in contract. It is quite evident, however, that the Legislature, in the rightful exercise of its legislative authority, has seen fit in this particular class of cases to authorize the appellate court to review the acts of school boards and. to enter its judgment or order in such form as the "circumstances and **very right**" of the particular case may require, which order or judgment, by the very terms of the statute itself, may be enforced by an appropriate writ, whether it be execution, mandamus,. prohibition, or attachment for contempt. The statute (section 7492, Rev. Code 1919) provides that in this class of cases the appeal shall be placed on the trial calendar to be heard at the first regular term, **that the trial** shall be de novo, and declares that the court "shall enter such final judgment or order as the circumstances and very right of the case may require, which judgment or order may be enforced by writ of execution, mandamus or prohibition, or by attachment as for contempt." And if upon a trial de novo it should be made to appear that appellants never did in fact resign, "the very right of the case" would demand an annulment of the proceeding or action appealed from. 'And, furthermore, it would seem to be clear that upon the trial de novo the only issue of fact which could be tried would be whether or not appellants in fact had or had not resigned, that question being the precise matter of fact upon which the action of the board was predicated. And this would be true for the further reason that the board itself is conclusively bound by its own record, and would not be at liberty to allege or prove any other grounds of

removal or dismissal of appellants as the basis of their action, under the rule laid down in 23 R. C. L. 160. I think, too, this rule is a sufficient answer to the suggestion that there is no statute limiting the grounds for which the school board may dismiss a teacher, for the reason that respondent's own record discloses no other ground for their action than the fact of their resignations.

[8]    Again it is urged that the clause in the notice of appeal reciting that the appeal is from the action of the board dismissing appellants did not give the court jurisdiction to try the question whether or not appellants had resigned. Such a contention is extremely technical, and it is sufficient to observe that; if appellants had not in fact resigned, the action of the board, in its legal effect, was neither more nor less than a wrongful "dismissal" of appellants. But the notice of appeal was sufficient to identify the action appealed from, and to give the court jurisdiction, and upon a trial de novo this particular recital in the notice of appeal could hardly be urged as a variance in pleading which would justify the exclusion of evidence tending to show that appellants had not in fact resigned.

[9, 10]    It is next contended that the action of the board involved the exercise of discretion, and abuse of discretion is not shown. If any such question is or can be presented upon the trial de novo, it would be before the trial court, and cannot be determined by this court on a motion to dismiss the appeal. Again it is urged that appellants cannot maintain a joint appeal, in that their rights and interests are distinct, and not joint. It is quite true that appellants could not maintain a joint action for damages, and equally true that a joint appeal could not be maintained from separate judgments in such cases. But the appeal in this case is from a single action or decision of the board, which affected the rights of both parties alike, and with which both are "dissatisfied," and, in the absence of a statute requiring it, we see no reason for requiring separate appeals and separate trials on appeal.

In Kaehler v. Halpin, 59 Wis. 40, 17 N. W. 868, it is said:

"All the defendants having a like interest in these questions, we think it very clear that they not only may join in an appeal from the order, but that the better practice is to require them to do so, if they desire to appeal at all. * * * If the parties appealing

are jointly interested in the questions decided in the action, they ought to appeal jointly. It is a saving of time and expense to permit them to do so, and we know of no rule of law which prevents them from doing so."

To the same effect is In re Cal. Mutual Life Insurance Co., 81 Cal. 364, 22 Pac. 869.

We are of the view that the order of the trial court must be reversed and the cause remanded for further proceedings in accordance with law.

WHITING, J. (dissenting.) The notice of appeal to the circuit court from the alleged action of the board of defendant district recited that it was from "the decision * * * wherein said board * * * adopted a report of the teachers' committee of said board * * * discharging these appellants and each of them as teachers," etc. Such purported appeal came to the circuit court on the record certified by the clerk of the board. No claim is made that such certified record is in any respect incorrect. It is the record for the appeal to the circuit court, and such court was bound to treat it as a verity. It states that the board adopted the report of the teachers' committee, and that such report read that:

"The resignations of Miss Mabel Anderson and Miss Eva Downs were received and accepted by the committee."

In Ontjes v. Thomas, 184 N. W. 795, we said:

"But the record herein discloses that the trial court never made any order refusing to vacate the judgment. * * * Let us suppose that the notice of appeal set forth only that the appeal was from an order refusing to vacate a judgment, and that, as a matter of fact, no such order had been made. Would such a notice of appeal confer jurisdiction on this court, other than jurisdiction to dismiss the purported appeal? Clearly not. A notice of appeal cannot confer * * * jurisdiction to review something having no existence. * * * This court could not acquire jurisdiction to review something having no existence merely because a party erroneously asserted that it did exist."

If an order approving a report discharging plaintiffs was in fact made, the plaintiffs, under the express provisions of statute, could have procured an order requiring the clerk to certify a true

record of that fact; but, as the record appeared, the circuit court acquired no jurisdiction, and this court should so hold.

If the plaintiffs never did resign, they might have given notice of appeal from the order of the board purporting to accept a purported resignation, and upon that appeal given to the circuit court jurisdiction to determine whether or not they did resign. A finding that they did not resign would have given plaintiffs all the relief they would be entitled to or all they needed, as defendant could not claim that plaintiffs had been discharged.