## Commonwealth v. Trace et al.

*LeRoy S. Maxwell*, district attorney, for Commonwealth.

*J. Stewart Glen, Jr.*, and *Edmund C. Wingerd, Jr.*, for defendant.

WINGERD, P. J., June 26, 1948.—On September 6, 1940, the Commonwealth of Pennsylvania brought a bill in equity against Rosie S. Trace, Charlotte Trace Shultz and others "for the purpose of enjoining and abating a certain common and public nuisance as defined in section 608 (*a*) of the said Pennsylvania Liquor Control Act, and now existing upon certain premises more particularly described in the paragraph of this bill numbered 3, and for the further purpose of restraining defendants from conducting or permitting the continuance of such common and public nuisance". The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, in section 608 (*a*), as last amended by Act of June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-608 declares:

"(a) Any room, house, building, boat, vehicle, structure, or place, except a private home, where liquor is possessed, sold, offered for sale, bartered, or furnished in violation of this act, and all liquor and property kept or used in maintaining the same, is hereby declared to be a common nuisance; . . .

"(b) An action to enjoin any nuisance, defined in this act, may be brought in the name of the Commonwealth of Pennsylvania by the Attorney General or by the district attorney of the proper county. Such action shall be brought and tried as an action in equity, and may be brought in any court having jurisdiction to hear and determine equity cases within the county in which the offense occurs."

Defendants Rosie S. Trace and Charlotte Trace Shultz filed an answer preliminarily objecting to plaintiff's bill on the ground that the facts were so insufficiently averred that it was impossible to make an adequate defense thereto; and that plaintiff had failed to comply with Rule 28 of the Equity Rules of the Supreme Court of Pennsylvania.

Pursuant to a stipulation and agreement, in writing, filed with the court by counsel for the Commonwealth and counsel for present respondents, the Court of Common Pleas of Franklin County, Pa., sitting in equity, on 'January 28, 1941, entered the following decree against Rosie S. Trace and Charlotte Trace Shultz, two of defendants:

"And now, to wit, this 28th day of January, A.D. 1941, it is ordered, adjudged and decreed, upon consent and agreement of counsel for the Commonwealth of Pennsylvania, plaintiff, and counsel for Rosie S Trace and Charlotte Trace Shultz, that the said defendants, their agents, servants, subordinates and employes, and each and every one of them, be and they are henceforth perpetually enjoined and restrained from possessing, selling, offering for sale, bartering and furnishing intoxicating liquor at any place within the County of

Franklin, Pa., contrary to the provisions of the Act of the General Assembly of the Commonwealth of Pennsylvania approved November 29, 1933, P. L. 15, as reenacted and amended by the Act of June 16, 1937, P. L. 1762."

Subsequently, Rosie S. Trace was charged with selling liquor without a license in Franklin County, Pa., to no. 94, October sessions, 1942, to which charge she pleaded guilty; with unlawful possession of liquor in Franklin County, Pa., to no. 87, October sessions, 1945, to which charge she pleaded guilty, and Rosie S. Trace and Charlotte Trace Shultz were both charged with the sale of liquor without a license in Franklin County, Pa., to no. 41, April sessions, 1947, to which charge they pleaded not guilty, and were tried and convicted.

A petition was filed by the district attorney for a rule to show cause why an attachment for contempt of the injunction entered January 28, 1941, should not issue against Rosie S. Trace and Charlotte Trace Shultz for having violated that injunction. Answers were filed by each defendant admitting the facts above stated, but contending that the injunction entered was void and of no effect, the court having no jurisdiction or authority to enter and make such an injunction and decree because, under the Pennsylvania Liquor Control Act, the court had no authority to issue such injunction as no authority to enjoin the commission of crimes by individuals was given by the Pennsylvania Liquor Control Act; that the violations averred in the petition were in fact committed in a private home; that there can be no punishment for contempt under the decree because respondents have satisfied the sentence of the court in the criminal proceedings and the Commonwealth cannot now, by means of contempt proceedings involving the same offenses, have imposed an additional penalty.

It will be noticed that the injunction entered in the instant case was upon a stipulation and agreement to

which Rosie S. Trace and Charlotte Trace Shultz were parties. It was a decree, entered by the court and approved by it, but it was the result of a stipulation and agreement between parties. Being a consent decree, it constitutes a waiver of error and evidence and is not the subject of an appeal: 30 C. J. S. 1131, §682.

"The general rule that relief must be within the pleadings . . . does not apply with full force to consent decrees. Ordinarily all that will be required is that the agreement shall come within the general scope of the case made by the pleadings. The relief is not circumscribed by the issues or the prayer. A party may thus even waive statutory rights incident to a particular kind of decree": 30 C. J. S. 1128, §679.

In the instant case, the bill was to abate a liquor nuisance. The court had, under the Pennsylvania Liquor Control Act, the right to take jurisdiction of a bill in equity to enjoin a liquor nuisance. The subject matter of the bill was within the jurisdiction of the court. The court obtained jurisdiction of the two defendants, as appears by the consent decree. The parties, for reasons of their own, agreed upon the character of injunction to issue to abate the liquor nuisance set forth in the bill. They may or may not have chosen such a decree as the court could have properly, under the bill, ordered. The decree certainly constitutes relief from the liquor nuisance alleged, for if defendants are enjoined from selling, possessing, etc., liquor, contrary to law, in any place in Franklin County, they certainly are enjoined from conducting a liquor nuisance as alleged in the bill. It may well be that the injunction is broader and of a different character than the court would have decreed but respondents cannot now be heard to complain of the very order to which they agreed for purposes of their own. The court had power, under the Pennsylvania Liquor Control Act, to padlock the premises and it may be that defendants elected and agreed to the injunction in this case to be

freed from a chance that the premises described in the bill in equity be padlocked. Of course, we cannot go into the reason for the stipulation and agreement as the reason is not fully set forth in it, for the stipulation merely states that it is entered into "due to legal questions involved and in order to avoid further proceeding". It would be a strange situation if defendants could agree to the kind of injunction which was agreeable to them and then after, on the strength of such agreement, no further proceedings were taken and the injunction entered as agreed upon, they could violate the injunction and when called to task for so doing, could reply that the injunction was void and illegal and that the court had no power to enter such a decree. Such action cannot be tolerated. Court decrees, approved in good faith by a court on the stipulation and consent of the parties, cannot be ignored by some of the parties on the ground that the court had no power to make the decree. Parties to a stipulation and agreement cannot be allowed to repudiate that which they did with full knowledge, advice of counsel and presumably for their own benefit.

So far as the decree in this case is concerned, if there had been no consent and the decree was erroneous, nevertheless "That the court has the right, in vindication of its order, to punish the defendant for wilful violation thereof, notwithstanding the same ought not to have been granted is unquestioned; . . .": Koehler v. Dobberpuhl, 56 Wis. 497, 14 N. W. 631, 633. In U. S. v. United Mine Workers of America, 330 U. S. 258, 67 S. Ct. 667, 91 L. ed. 884, it is stated, on page 293:

"Proceeding further, we find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. This is true without regard even for the constitutionality of the act under which

220

the order is issued. In Howat v. Kansas, 258 U. S. 181, 189-90 (1922) this court said: 'An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.' "

The instant injunction has never been questioned and while it stands as an order of this court, it is to be respected and disobedience of it is contempt.

Defendants had full notice of the consent order and decree, in the instant case, for the consent was set forth in the decree and a certified copy was served upon each of them and each of them personally signed the time and place of service set forth in the affidavit of service filed in the proceeding.

The injunction stipulated and agreed to in this case, although broad and rather unusual, was not unknown to the law in the case of a bill in equity brought pursuant to the provisions of section 608(b) of the Pennsylvania Liquor Control Act. In Commonwealth v. Sousa et al., 25 Erie 238, 240, the court, in its conclusions of law, states:

"That the defendants, Joseph Sousa and Herminie Sousa should be perpetually enjoined and restrained from possession, selling or offering for sale, liquor or beer contrary to the provisions of the Pennsylvania Liquor Control Act and the Malt Liquor License Law", and the decree directed the prothonotary to enter a decree in accordance with the conclusions of law. This

injunction is of the same character as the one involved in the instant case, but is much broader in scope, both in the character of the violations and in the territory included.

In our opinion, as the court had general equity jurisdiction and the subject matter of the bill was the enjoining of a common nuisance, generally termed a liquor nuisance, jurisdiction of which was specifically given to the courts of equity by the Pennsylvania Liquor Control Act and the decree entered was at least a means of preventing the nuisance averred, and as it was a consent decree, its validity and force cannot now be questioned by defendants, who consented to it, for the purpose of escaping punishment for their disobedience of it. We feel this is controlling and have only referred to the force and effect of injunctions, erroneously issued, and to the character of an injunction issued in a case like the instant one, merely to emphasize that the instant consent decree is a valid and subsisting decree as far as the two defendants involved in the present proceeding are concerned and that they cannot disobey it with impunity.

We do not feel that the question whether or not the violation of the injunction occurred in a dwelling house or not has anything to do with the instant case. Defendants are guilty of selling liquor in violation of the Pennsylvania Liquor Control Act and this was a violation of the injunction.

Defendants' counsel contends in his brief:

"The Commonwealth chose to proceed against the defendants for the alleged violation of the Liquor Control Act and the defendants were sentenced for this violation and paid the fines and costs assessed against them. The Commonwealth now is proceeding against the defendants for an indirect criminal contempt arising out of the same act. This cannot be done. Where there is but one act of cause of injury, there is but one injury to the Commonwealth. Where the same act of

the defendant constitutes two offenses, he cannot be punished upon more than one."

There is then a citation of authorities, none of which involve a criminal prosecution for an act and a proceeding for contempt based on the same act. In 48 C. J. S. 710, §425c, it is stated, referring to contempt proceedings for violation of a court order to enjoin a liquor nuisance: "The proceedings may be maintained, although a criminal prosecution is pending against defendant for the same acts, or although defendant has been convicted therefor; . . ." It seems to us that the fact that a person is convicted and sentenced for violating a statute does not in any way relieve him from being in contempt of court, when the act for which he was convicted constitutes a disobedience of the court's order. The one is a proceeding in a criminal court for the commission of a crime. The other is a proceeding in a civil court for a violation of the court's order. It may well be true that the sentence in the criminal court may have bearing upon the punishment for the same act as a violation of the decree of a court of equity, but it certainly does not relieve or purge the person of contempt.

In the instant case there is no denial by respondents, two of the defendants in the equity proceeding, that they did perpetrate the acts alleged as a violation of the injunction, but their defense is based entirely upon the legal question raised in their respective answers. We have disposed of these legal questions and find that respondents violated the injunction. The rule must be made absolute and an attachment for contempt issue against them. However, they have, under the Act of June 23, 1931, P. L. 925, sec. 1, 17 PS §2047, the same right to be admitted to bail that is accorded to persons accused of crime.

Now, June 26, 1948, rule is made absolute, respondents to pay the costs. The bail is set at $300 for each respondent, conditioned to appear before the court at such time as they may be directed by the court to do so.