**SCHWEGMANN BROTHERS GIANT SUPER MARKETS et al.,**
Appellants,

v.

**HOFFMANN–LA ROCHE, Inc.,**
Appellee.

**HOFFMANN–LA ROCHE, Inc.,**
Appellant,

v.

**SCHWEGMANN BROTHERS GIANT SUPER MARKETS et al.,**
Appellees.

No. 15350.

United States Court of Appeals
Fifth Circuit.
April 22, 1955.

Saul Stone, New Orleans, La., Paul O. H. Pigman, Wisdom & Stone, John Minor Wisdom, New Orleans, La., for appellants.

Joseph H. Stamler, Newark, N. J., Murray F. Cleveland, New Orleans, La., Maurice W. Levy, Nutley, N. J., Melvin P. Antell, Newark, N. J., on the brief, for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is here in a double aspect, first, on an appeal from an order denying the petition of Hoffmann-La Roche, Inc., to punish the Schwegmann Brothers for contempt; and, second, on an appeal by Schwegmann Brothers from an order dated June 23, 1954, amending a prior injunction entered by the court against them. This is a slightly different phase of the controversy that has been existing between Schwegmann Brothers and the Fair Trade Laws. This case comes up in a way about to be stated, and, since both sides have appealed, Hoffmann-La Roche, Inc., will be referred to as the plaintiff and Schwegmann Brothers Giant Super Markets, et al., will be referred to as the defendants.

In a suit brought by the plaintiff to prevent the defendants from selling the plaintiff's drug products at less than fixed prices, a judgment was rendered for the plaintiff which permanently restrained the defendants from in any manner or by any means, directly or indirectly, advertising for sale, or selling, any of certain named commodities manufactured by and bearing the trade-mark, brand, or name of plaintiff, at prices less than those stipulated in contracts entered into by plaintiff with other retailers pursuant to the Louisiana Fair Trade Law, LSA–R.S. 51:391 et seq. or at

prices less than those that might be shown in any future minimum-retail-price schedules issued by plaintiff in connection with such contracts.

Jurisdiction of this cause was retained for the purpose of giving full effect to said judgment and for the purpose of making such further orders and decrees, or taking such further action, if any, as might become necessary or appropriate to carry out and enforce said judgment.

After a fair hearing on the petition to punish the defendants for contempt, the court below denied the petition and amended its former judgment so as to state the permissible minimum prices therein. D.C., 122 F.Supp. 781. We find no reversible error in the rulings of the trial court because, among other reasons, the customer's awareness of the name of the drug in his prescription is not an essential factor in determining whether the trade name or good will of the manufacturer is used if the prescription designates the drug by the manufacturer's name or trade-mark. The amendment of the decree of injunction was proper, under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., because an injunction must describe specifically and in reasonable detail, not by reference to the complaint or some other document, the act or acts sought to be restrained. Nasif v. United States, 5 Cir., 165 F.2d 119.

What we are doing may be contrary to the sense of justice of the writer, who retains the views expressed by him in his dissent in Schwegmann Brothers Giant Super Markets v. Eli Lilly & Co., 5 Cir., 205 F.2d 788; and other members of the court may not like the so-called fair-trade laws and think it wrong for them to exist; but the Supreme Court denied certiorari in the just-cited case, which denial was not a decision on the merits, but it left this court's decision as the law of the Fifth Circuit until overruled by this court en banc or by the Supreme Court on certiorari in a subsequent case. This is not true in Texas, however, because the legislature of that state has enacted no similar so-called fair-trade law. It is not a federal law but a Louisiana statute that controls our decision in this case. The federal statute simply exempts the Louisiana statute from the restrictions of the federal anti-trust statutes. Our jurisdiction in this case as a federal court depends wholly upon diversity of citizenship between the parties and the requisite amount. If this were a resident corporate plaintiff instead of a non-resident corporation, this suit might have to be brought in a state court of Louisiana. The applicable federal statute is the one that exempts the parties to this price-fixing contract from the prohibitions of the federal anti-trust statutes. See the Act of July 14, 1952, 66 Stat. 631, 632, 15 U.S.C.A. § 45, known as the McGuire Act. The primary purpose of the latter act was to change as to future cases the result reached by the Supreme Court in Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L. Ed. 1035.

A sine-qua-non of the constitutionality of the Louisiana Fair Trade Law is the right of a non-signer to remove the trade-mark of the manufacturer and sell the commodity at his own price. This was specifically held in the Old Dearborn case, Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 195, 57 S.Ct. 139, 145, 81 L.Ed. 109, but there was a proviso to that concession, which was: "Provided he can do so without utilizing the good will of the latter as an aid to that end"; and he cannot do that when a customer comes in with a prescription that designates a trade-marked product. The customer thereby impliedly adopts the prescription whether he knows what is in it or not. Only the Congress, the Supreme Court, or the several state legislatures, can grant relief from this anomalous situation, which makes possible vertical monopolistic price-fixing, even for vaccines against polio, by ex-

empting dealers and manufacturers alike from the pains and penalties of the federal anti-trust act. 66 Stat. 631, 15 U.S.C.A. § 45.

The judgment appealed from is affirmed on both appeals.