**SUNBEAM CORPORATION, Appellee,**

v.

**Richard S. CARR, doing business under the firm name and trade style of T & S Sales, Appellant.**

**No. 357, Docket 24990.**

United States Court of Appeals Second Circuit.

Argued May 16, 1958.

Decided July 17, 1958.

could have sought appropriate remedial relief from the issuing court. It is not necessary to decide whether, if after the temporary injunction had been issued, the plaintiff had induced the defendant to sell at prices below those fixed by the contract, that would have been relevant in a proceeding like this for remedial relief for the disobedience of the injunction without some modification of the injunction itself.

As to the amount of the fees allowed to the plaintiff's attorneys, it is enough to cite our decisions in Board of Trade of City of Chicago v. Tucker, D.C., 221 F. 305, 307 and Sunbeam Corporation v. Golden Rule Corporation, 2 Cir., 252 F. 2d 467.

Order affirmed.

Dean E. Higgins, Buffalo, N. Y., for appellant.

William F. Weigel, New York City, for appellee.

Walter J. Mahoney, Buffalo, N. Y., for petitioner-appellee (Herman T. Van Mell, Chicago, Ill., George M. Chapman, New York City, of counsel).

Before HAND, HINCKS and MOORE, Circuit Judges.

HAND, Circuit Judge.

The appellant raises only two points on its appeal: (1) that the plaintiff did not maintain a uniform price in sales to distributors or dealers and then invited the defendant to cut the "Fair Trade" prices by contract; and (2) that the amounts fixed as fees for the plaintiff's attorneys upon the contempt proceeding were too high. Assuming that the plaintiff's distributors did in fact make concessions in sales to the dealers, we cannot understand how that can be thought to affect the obligation of the defendant to maintain the "Fair Trade" prices in his sales to customers. The injunction being outstanding, the defendant was not free to disregard or disobey its terms. Had the defendant believed that plaintiff's conduct justified some modification of the injunction, defendant