The **PARKER PEN COMPANY,**
Petitioner,

v.

**Eli STERN and Mortimer S. Kornfeld, doing business as Econo-Mart and Stern-Kornfeld Distributors, Respondents.**

United States District Court
S. D. New York.

Feb. 11, 1958.

Rogers, Hoge & Hills, New York City, for petitioner. John A. Keeffe, New York City, C. Donald Mohr, of counsel.

Gerard I. Nierenberg, Long Island City, for respondents. Jack Rabin, Brooklyn, N. Y., of counsel.

DAWSON, District Judge.

This is an application brought on by an order to show cause to adjudge the respondents to be in civil contempt of a decree of this court dated August 13, 1956, and for the imposition of a fine upon the respondents.

It appears without contradiction that this action was one to enjoin the respondents from offering for sale or selling any products bearing the Parker Pen Company's name or trade-mark at less than the minimum prices stipulated pursuant to the Parker Pen Company's retailer fair trade contracts. It further appears that in this action a final decree was entered by consent on August 13, 1956 in which the respondents, their agents and servants, were permanently enjoined and restrained from advertising, offering for sale or selling any products bearing the Parker Pen Company's name or trade-marks at less than the minimum prices stipulated pursuant to the Parker Pen Company's retailer fair trade contracts and the supplements thereto in force and effect with the retail-

**704**

ers of writing instruments in the State of New York.

Petitioner contends that the respondents, in violation of the injunction of this court, have continued to sell the Parker Pen Company's products at less than the prices provided in the Parker Pen Company's retailer fair trade contracts.

The respondents have not denied the allegations of the petition. In fact, on the return of the order to show cause, respondents submitted an affidavit of Mr. Eli Stern, one of the respondents, in which this respondent admitted that since August 14, 1956 respondents have sold Parker pens at less than the minimum prices stipulated in the Parker Pen Company's retailer fair trade contracts. Mr. Stern stated that with the exception of four such sales all other sales of Parker pens by the respondents have been in connection with close-out sales. However, it is settled that a close-out sale is no defense for a proceeding of contempt based upon violation of a prior injunction. The proper procedure would have been for the respondents to request a modification of the earlier decree so as to allow such sales. Sunbeam Corp. v. Golden Rule Appliance Co., 2 Cir., 252 F.2d 467.

Since the respondents have not denied the essential allegations in the petition, but, in fact, have admitted that sales have been made at less than the prices stipulated in the retailer fair trade contracts and have therefore, admitted their violation of the injunction order of this court, no hearing on this issue becomes necessary and the Court concludes that respondents are in civil contempt by reason of acts and conduct in violation of the final decree of this court dated August 13, 1956.

There may, however, be issues of fact with reference to the extent of the fine to be imposed by reason of such contemptuous action of the respondents. The issues with reference to the fine and allowance of costs and counsel fees will be set down for hearing in Room 506 of this court at 3:00 o'clock p. m., Friday, February 14, 1958.

Respondents' arguments that petitioner does not come into equity with clean hands since they themselves violated the terms of their own fair trade contracts, and respondents' arguments that petitioner's fair trade contracts are illegal and void, or that the New York Fair Trade Act does not prevent a buyer of a commodity from selling the commodity at any price he pleases, but interferes only when he sells with the aid of the the seller's good will, are arguments which are of no value whatsoever in a contempt proceeding. They go to the propriety of the issuance of the original injunction. The injunction, having been issued, must be obeyed, and failure to obey it constitutes a civil contempt of court.

So ordered.