The **PARKER PEN COMPANY**, Petitioner,

v.

**Hyman GREENGLASS**, doing business under the trade name and style of Greenglass Sales Co. and Greenglass Distributing Corporation, Respondents.

United States District Court
S. D. New York.
May 9, 1962.

Rogers, Hoge & Hills, New York City, for petitioner. George M. Chapman, John A. Keeffe, New York City, of counsel.

Samuel Kooper, New York City, for respondents.

DAWSON, District Judge.

This is a motion to hold respondent in civil contempt for violation of a decree of this court entered on April 2, 1956. It appears without dispute that on April 2, 1956 a final decree by consent was entered by Judge Palmieri which restrained the respondent and persons acting in concert or participation with him from offering for sale or selling any products bearing The Parker Pen Company's name or trademarks at prices less than the minimum prices stipulated pursuant to The Parker Pen Company's retailer fair trade contracts.

The moving papers establish, and the respondent does not dispute, that at various times in the years 1961 and 1962 sales were made at the premises of the respondent of Parker Pens at less than the minimum prices stipulated pursuant to The Parker Pen Company's retailer fair trade contracts. Respondent submitted an affidavit in which he does not deny that such sales were made. He seems to contend that the pens so sold by him or his employees were purchased at a low price from a jobber, as part of a close-out, and that the pens sold by him, or his employees, were not sold in boxes. These defenses are insufficient. The terms of the injunction are clear. It did not restrain the sale of Parker Pens in boxes at less than the fair trade prices; it restrained the sale of Parker Pens as such, at less than fair trade prices. There seems to be no fact in dispute. A hearing is unnecessary. The contentions advanced by the respondent are insufficient as a matter of law to justify the action of the respondent.

An injunction having been issued must be obeyed, and failure to obey it constitutes civil contempt of this court.

See Parker Pen Company v. Stern, 158 F.Supp. 703 (S.D.N.Y.1958).

The issue as to the amount of fine which should be imposed and the allowance which should be made to the petitioner for counsel fees and expenses will be considered by this Court on the settlement of the order to be entered hereon. Submit a proposed order and all papers necessary for the consideration of these questions on or before May 16, 1962.

So ordered.