Commonwealth of Pennsylvania Acting by Attorney General J. Shane Creamer, Plaintiff, *v.* Lewis Rozman, Individually and Co-Partner, and William Rozman, Individually and Co-Partner, t/a Rozman Brothers Furniture & Appliance Center, Defendants.

134

Argued June 6, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard L. Kearns,* with him *Caldwell, Clouser & Kearns,* for defendants.

*Lawrence R. Richard,* Assistant Attorney General, with him *Jeffrey A. Ernico,* Deputy Attorney General, and *Israel Packel,* Attorney General, for plaintiff.

OPINION BY JUDGE MENCER, August 29, 1973:

On August 8, 1972, the Attorney General of the Commonwealth filed a complaint in equity containing allegations that Lewis Rozman and William Rozman, as individuals, and trading as Rozman Brothers Furniture and Appliance Center (Rozmans), were "using or about to use practices declared illegal by Section 3" of the Unfair Trade Practices and Consumer Protection Law (Act).[1] Immediately after filing the complaint, the Attorney General filed a "consent petition for permanent injunction," dated August 7, 1972 and executed by the Attorney General for the Commonwealth of Pennsylvania and Louis M. Rozman and by counsel for the Rozmans. This petition, in accordance with its terms, became the basis of a consent decree entered on August 8, 1972.

On March 1, 1973, Rozmans filed a petition to dissolve the permanent injunction and vacate the consent decree. We here dismiss this petition.

The complaint was filed to terminate and prevent unfair trade practices. This Court has, under Section 4 of the Act,[2] jurisdiction of a complaint in equity to enjoin and prevent such violations of the Act. The parties, for reasons of their own, agreed upon the character of injunction to issue to abate the unfair practices set forth in the complaint. Likewise, they agreed upon a procedure whereby the Attorney General, under certain circumstances, should have the "right to require cancellation of any contract secured or solicited by Defendants, their agents or representatives, since June 16,

---

[1] Act of December 17, 1968, P. L. 1224, 73 P.S. §201-3.
[2] 73 P.S. §201-4.

1971." The parties may or may not have agreed upon such a decree as the Court would have entered under the Act. It may be that the decree is broader than and of a character different from that which the Court would have entered, but Rozmans cannot now be heard to complain of the very order to which they agreed for purposes of their own nor can they assert lack of jurisdiction to enter the decree. *See Cooper-Bessemer Company v. Ambrosia Coal and Construction Company*, 447 Pa. 521, 291 A. 2d 99 (1972).

It would be an untenable situation if Rozmans could agree to the kind of injunction and decree which was acceptable to them and if then, on the basis of such agreement, after no further proceedings were taken and the decree was entered as agreed upon, they could violate the decree and, when an attempt was made to hold them accountable for so doing, could reply that the decree was void and illegal and that the Court had no power to enter such a decree. We cannot accept such reasoning. Court decrees, approved in good faith by a court on the stipulation and consent of the parties, cannot be avoided by some of the parties on the contention that the court had no power to make the decree. *See Commonwealth v. Trace*, 65 Pa. D. & C. 215 (1948).

Parties to an agreement cannot be allowed to repudiate that which they did with full knowledge, advice of counsel, and presumably for their own benefit.

Rozmans correctly contend that an action under the Act may not be commenced by a consent petition providing for a permanent injunction. *Hartmann v. Peterson*, 438 Pa. 291, 265 A. 2d 127 (1970). Here, however, the record establishes that this action was properly commenced by the filing of a complaint in equity. The fact that the consent petition was dated one day prior to the filing of the complaint is of no import where the consent petition was filed subsequent to the complaint.

A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties. It is in essence a contract binding the parties thereto. *Universal Builders Supply, Inc. v. Shaler Highlands Corporation*, 405 Pa. 259, 175 A. 2d 58 (1961). As a contract, such a decree requires a mutual understanding of and concerted action by the parties. Here the consent petition was signed for the Rozmans by Louis M. Rozman and William K. Wright, "Counsel for Rozmans." There is nothing before us to even suggest that Attorney Wright did not have authority to execute the consent petition on behalf of William Rozman and Rozman Brothers Furniture and Appliance Center or that the Rozmans did not have an understanding of the consent decree to be entered in consequence of the consent petition. An attorney has authority to enter a consent decree with the client's direction, knowledge or consent. *Archbishop v. Karlak*, 450 Pa. 535, 299 A. 2d 294 (1973). A court has neither the power nor the authority to modify or vary the terms set forth in a consent decree, under such circumstances, in the absence of fraud, accident or mistake. Rozmans make no such assertions here. *See Jones Memorial Baptist Church v. Brackeen*, 416 Pa. 599, 207 A. 2d 861 (1965).

It is not of importance that the consent decree was entered without a hearing and the presentation of evidence to support the allegations of the complaint. If, without taking testimony, the parties chose to settle the litigation by a consent decree, the chancellor was not required to file an adjudication in the traditional form. The consent decree derives its efficacy from the agreement of the parties and the approval of the chancellor. It bound the parties with the same force and effect as if a final decree had been rendered after a full hearing upon the merits.

138

We hold that a decree entered by understanding consent of the parties is so conclusive that it will be vacated only on a showing that an objecting party's consent was obtained by fraud or that it was based on accident or a mutual mistake. Rozmans have not established such to be the case here. Accordingly, their petition to dissolve is hereby dismissed.