Commonwealth of Pennsylvania, Department of Environmental Resources, Petitioner *v.* Bethlehem Steel Corporation & Lewis W. Foy, Chairman, Bethlehem Steel Corporation; & Thomas N. Crowley, General Manager Johnstown Plant, Bethlehem Steel Corporation; & Harold F. Miller, General Manager, Bethlehem Plant, Bethlehem Steel Corporation, Respondents.

Submitted on briefs October 20, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert E. Yuhnke,* Assistant Attorney General, for petitioner.

*Paul A. Manion,* with him *Robert M. Walter, Robert W. Watson, Jr.,* and *Reed, Smith, Shaw & McClay,* for respondent.

OPINION BY JUDGE MENCER, February 18, 1976:

This case is before us on the preliminary objections of Bethlehem Steel Corporation (Bethlehem) to the petition of the Department of Environmental Resources (DER) seeking enforcement of Air Pollution Abatement Order No. 72-533 (order) which resulted from a consensual agreement executed on February 25, 1972 by Bethlehem and DER. The order provides, among other things, that Bethlehem submit an application for a permit to construct equipment ,to control emissions of air contaminants resulting from the pushing operation at Coke Oven Battery No. 5 at its Bethlehem, Pennsylvania, plant by March 1, 1975 and that Franklin Coke Oven Battery No. 17 at Bethlehem's Johnstown, Pennsylvania, plant cease operation by May 31, 1975. Paragraph 9[1] of that same order provides that Bethlehem may seek modification of the order under certain circumstances. An application for modification of the order is now on appeal to the Environmental Hearing Board (EHB).

Bethlehem raises a question of the jurisdiction of this Court, issues of primary jurisdiction, exhaustion of administrative remedies, and ripeness for review and also

1. Paragraph 9 of the order reads:

"9. Upon application of Bethlehem Steel Corporation the provisions of this order, and plans and schedules submitted and approved hereunder, may be modified by the Department, when

A. delivery or installation of equipment is delayed by events not in the control of Bethlehem Steel Corporation;

B. revision of the plans and schedules submitted or approved is necessary to incorporate changes in technology or corporate planning to achieve within the time specified in paragraph 5 hereof, significant improvement in air pollution control; or

C. air pollution control standards applicable to the by-product, slot-type coke ovens are changed.

"Any order, decision or other action taken by the Department upon such application may be appealed to the Environmental Hearing Board and the courts of the Commonwealth as provided by law."

pleads a demurrer. All these preliminary objections concern the effect of the pending action for modification before the EHB on a petition to enforce the order of February 25, 1972. Bethlehem urges, in effect, that by the terms of paragraph 9 an application for modification acts as a supersedeas in any action by DER to enforce the original order. We do not agree.

Bethlehem fails to recognize in its arguments that the action to enforce the order to which it agreed and the application for modification before the EHB, though based to some extent on the same factual material, are procedurally distinct.

Section 10(a) of the Air Pollution Control Act[2] authorizes petitions to enforce orders from which no timely appeal has been taken or which have been sustained on appeal. Bethlehem contends that its appeal on the modification application is in reality an appeal from the original order. If this were true, an action for enforcement would be premature. However, it is clear that Section 10(a) contemplates by its very nature appeals from an adversary proceeding, not from a consensual agreement. Here the parties *agreed* to be legally bound, and no appeal *from the consent order* was contemplated. The order was final and binding the moment it was executed. When the time for performance had run, DER could properly petition for enforcement.[3]

We next address Bethlehem's contention that DER must elect to pursue its action either in the courts or through the administrative process. Bethlehem asserts that our decision in *Department of Environmental Resources v. Leechburg Mining Co.*, 9 Pa. Commonwealth Ct. 297, 305 A. 2d 764 (1973), requiring DER to proceed

2. Act of January 8, 1960, P.L. (1959) 2119, *as amended*, 35 P.S. §4010(a).

3. *See Commonwealth v. United States Steel Corp.*, 15 Pa. Commonwealth Ct. 184, 325 A.2d 324 (1974); *Commonwealth v. Rozman*, 10 Pa. Commonwealth Ct. 133, 309 A.2d 197 (1973).

against alleged polluters initially either by injunction or alternatively through the administrative process is applicable to oust this Court of jurisdiction. This argument again mistakenly assumes that the hearing on Bethlehem's modification petition is an administrative procedure to enforce the original order. In the case at bar, DER had already exhausted the administrative procedure when it obtained a consent order. As a final step along that same route, DER is seeking enforcement by this Court. This is entirely proper. The fact that the administrative process yielded a consent order rather than an adjudication by the EHB does not affect DER's ability to seek enforcement.

Properly interpreted, *Leechburg*, in fact, supports the position of DER. In *Leechburg*, preliminary objections were sustained by applying the doctrine of election of remedies on all counts *except one brought by DER to enforce a consent adjudication*. We hold that by consenting to be bound by the order of February 25, 1972, Bethlehem agreed that it would take the required actions by the deadlines imposed unless the order were modified prior to that time. Bethlehem had, and still has, a right to appeal an adverse ruling on its petition for modification, first to the EHB and subsequently to this Court. During appeals from such ruling, however, the unmodified agreement remains in force. Since the deadlines for compliance have passed and Bethlehem has not taken the action which it agreed to take, the inception of an action for enforcement is timely and proper.[4] We therefore enter the following

---

4. We recognize that the terms of the order, which allow Bethlehem to apply to DER for modification of the order with a right to appeal any action taken on such an application to the Environmental Hearing Board (EHB), create an unusual situation. A potential conflict could arise if the court directs enforcement in accord with the original terms of the order but prior to compliance by Bethlehem the EHB modifies those terms. If such a conflict would arise, we would consider the modification to be a proper defense to a contempt proceeding brought for non-compliance with the order entered relative to the petition for enforcement.

ORDER

Now, this 18th day of February, 1976, the preliminary objections of the Bethlehem Steel Corporation in the above captioned matter are overruled, and Bethlehem Steel Corporation is allowed 20 days from this date within which to file an answer to the petition of the Department of Environmental Resources.