## Lyncott Corp. v. Susquehanna County

*Ernest J. Gazda, Jr., Joseph D. Paparelli,* of *Gazda and Gazda,* for plaintiff.

*Ulric J. McHale* and *Gerald C. Grimaud,* for defendants.

GARDNER, *P.J.,* Specially Presiding, April 11, 1978 — Defendants have preliminarily objected to plaintiff's complaint, asserting (1) a deficiency under Pa.R.C.P. 1019(h)[1] in the complaint in that it does not include as supporting exhibits certain permits granted by the Pennsylvania Department of Environmental Resources, and (2) that the complaint is not sufficiently specific so as to allow the defendants "to defend and answer promptly."

The matter was submitted on brief.

Defendants, in support of the first objection, argue that paragraph three of the complaint avers that copies of the Department of Environmental Resources permit are attached and that this is un-

---

1. "A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

true because "material parts" of the permits are omitted.

Plaintiff submits, first, that the permits are official documents which may be sufficiently pleaded under Rule 1019(d)[2] by reference or an averment of issue in compliance with law, and, further, that the suit it brought concerns not the permits themselves, but the ordinance enacted by defendants. With this argument we agree.

Without further comment on the inconsistency of defendants' allegations that plaintiff's Exhibits A and B are incomplete and the ability of defendants to particularize the alleged missing portions of the permits, we found the complaint to be a clear, precise averment that plaintiff is a sanitary land fill operator, who considers himself injured as a result of an ordinance adopted by defendants on August 15, 1977, which purports to prohibit certain activities in which plaintiff believes he has a right to engage, and as a result the ordinance is, inter alia, oppressive, unreasonable, unjust, discriminatory, arbitrary, and unlawful.

The references in paragraph three to the Department of Environmental Resources permit are merely to set forth plaintiff's standing so as to forestall an inquiry which would be collateral to the main issue, whether or not the ordinance is or is not void as to plaintiff. Even if Exhibits A and B of plaintiff's complaint had not been included as presently pleaded, we would have considered the complaint in compliance with the rules by a mere reference to the existence of the permits.

The only instant application of sub-paragraph (h) of Rule 1019 (in its requirements as to claims based

2. "In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law."

upon a writing) has to do with the ordinance itself, a copy of which is attached as Exhibit C and copiously alluded to, as to its terms and alleged effect upon plaintiff in paragraphs five through thirteen of the complaint. This is adequate compliance with the rule.

As to specificity, defendants urge that plaintiff, in averring that the ordinance is "oppressive, unreasonable, unjust, discriminatory," etc., is generalizing, rendering the preparation of an answer either an exercise of guesswork, or education of plaintiff.

Plaintiff, on the other hand, argues that the complaint sets forth that the ordinance "adversely" affects its business interests (and here we find support in the allegations contained in paragraph eight as to plaintiff's alleged inability to contract with a New York firm), an assertion of adverse interstate commerce effect, and the preemption of the county's power in the area of the questioned ordinance because of prior Commonwealth action in the same field.

Again, we agree with plaintiff.

The ultimate test (in questions of the degree of specificity required) is whether the complaint adequately informed the adverse party of the issues which he must be prepared to meet so that he can adequately prepare his defense for trial: Carvella v. Handy Andy Food Mart, 44 D. & C. 2d 133 (1968); Overseas National Airways v. Saloom, 49 D. & C. 2d 387 (1970).

We have no hesitancy in finding that the complaint is entirely adequate and in compliance with the test set forth in the previous paragraph of this opinion. As a matter of fact, we find paragraph eleven, subparagraph (7), sufficiently pleaded, but

will permit the amendment offered in plaintiff's brief.

## ORDER

And now, April 11, 1978, for the reasons set forth in an opinion of even date herewith, it is ordered that defendants' preliminary objections be and the same are hereby overruled.

As a result of its request, plaintiff is permitted to amend its complaint by the deletion of subparagraph (7) of paragraph eleven, and the substitution of the following:

"(7) that the dumping of the materials as set forth in said Ordinance would not place an additional burden on the roads and highways of the County of Susquehanna so as to constitute an unreasonable use of the said roads and highways, any more than the dumping of said materials from any other part of the Commonwealth of Pennsylvania would; thereby making the Ordinance oppressive and unreasonable, and as such, unlawful and void;"

It is further ordered that, upon the filing and service of the amendment to plaintiff's complaint, defendant shall, within 20 days after said service, file an appropriate responsive pleading to the said complaint, as amended.