Commonwealth of Pennsylvania, Department of Environmental Resources, Plaintiff *v.* Peggs Run Coal Company and Peggs Run Coal Company, Debtor in Possession, Michael Cimba, Warren Hinks and Jack S. Courtney, Defendants.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Howard J. Wein,* with him *Robert P. Ging, Jr.,* Assistant Attorney General, for plaintiff.

*Kenneth P. Simon, Reed, Smith, Shaw & McClay,* with him *Franklyn E. Conflenti,* and *James S. Birsic, Cauley, Birsic & Conflenti,* for defendant.

OPINION BY JUDGE WILKINSON, JR., December 15, 1980:

Peggs Run Coal Company (Peggs Run) is the owner of a coal mine and cleaning plant on its premises in Beaver County and a coal refuse disposal area nearby. In October 1979 Peggs Run filed a petition for relief under Chapter XI of the Bankruptcy Code, 11 U.S.C. §1101 et seq. An Order for Relief was entered, and that proceeding has been pending since the filing date. Peggs Run is a debtor-in-possession under the Bankruptcy Code. In May 1980 the Department of Environmental Resources (Department) filed a complaint in equity against Peggs Run and the three principal shareholders as individuals for alleged maintenance of a public nuisance and numerous vio-

lations of the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1 et seq., the Air Pollution Control Act, Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §4001 et seq., and the Rules and Regulations of the Environmental Quality Board, 25 Pa. Code §1.1 et seq. The complaint requests injunctive relief and the posting of bonds to assure compliance with the orders. Presently before the Court are the preliminary objections of the corporate defendant and the individual defendants.

Peggs Run has filed a preliminary objection contesting the jurisdiction of this Court and a preliminary objection in the nature of a demurrer. In that first preliminary objection Peggs Run contends that the Department has in the past and is presently seeking imposition of criminal sanctions against Peggs Run and has thereby effected an election of remedies precluding the present action.

> [W]e have no difficulty in accepting the conclusion that both the criminal penalties as well as the abatement remedies may be applied against a violator of The Clean Streams Law. Section 701, 35 P.S. §691.701, clearly declares it the purpose of the act to provide additional and cumulative remedies to abate the pollution of the waters of this Commonwealth.

*Department of Environmental Resources v. Fleetwood Borough Authority,* 21 Pa. Commonwealth Ct. 349, 352-3, 346 A.2d 867, 869 (1975).

In the second preliminary objection Peggs Run contends that the Department's complaint is a civil action restrained by the Bankruptcy Code. The main thrust of Peggs Run's argument is that the Bankruptcy Code provides for an automatic stay preventing all creditors from pursuing normal legal processes against the debtor's estate. Section 362 of the Bankruptcy Code provides in pertinent part:

§362.    Automatic stay

(a)    Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2)    the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title. . . .

11 U.S.C. §362(a)(1), (2).

However, a reading of Section 362 must continue:

(b)    The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

.  .  .  .

(4)    under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5)    under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. . . .

11 U.S.C. §362(b)(4), (5).

The question presented to this Court is whether the Department's complaint, charging the corporation

with violations of the cited statutes and regulations, and asking for affirmative relief and the posting of bonds, is a proceeding by a governmental unit to enforce its police or regulatory power and as such is exempted from the stay provisions of Section 362 of the Bankruptcy Code, or whether it is more akin to an action for enforcement of a money judgment to enforce the Department's police or regulatory power and as such is not exempted from the Bankruptcy Code's stay provisions.

We must conclude that the instant complaint, brought to enforce the Department's regulatory power, is not automatically stayed by the commencement of any proceeding in the bankruptcy court. Initially we note that the exception described in Section 362 (b)(5) should be read in connection with part (a)(2) of the section; the instant case does not deal with a judgment obtained prior to October 1979. Secondly, we consider the analysis of Section 362(b)(4), (5) as found in Senate Report No. 95-989 to be persuasive:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

> Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and

since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

1978 U.S. Code Cong. & Ad. News 5787, 5838.

Accordingly, the preliminary objections of Peggs Run will be overruled.[1]

We turn then to the preliminary objections filed by the individual defendants. The second and fifth preliminary objections are in the nature of petitions raising a question of jurisdiction. The individual defendants assert that the Department has full and adequate, non-statutory remedies at law. The individual defendants also assert that the Department's complaint fails to allege that the Department exhausted its administrative remedies. Because the present ac-

---

[1] Section 404(a) of the Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549, provides that the courts of bankruptcy, created under the former Bankruptcy Act and existing on September 30, 1979, shall continue through March 31, 1984 to be the courts of bankruptcy for purposes of the Bankruptcy Reform Act. Section 405(b) of Bankruptcy Reform Act provides that during the transition period the courts of bankruptcy may exercise the powers granted by specified sections of the Bankruptcy Reform Act to bankruptcy courts established by the Bankruptcy Reform Act. One of those sections of the Bankruptcy Reform Act, Section 241, amends Title 28 of the U.S. Code by inserting a new Section 1471(e): "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case." 28 U.S.C. §1471(e).

Peggs Run argues that because its property is in the constructive possession of the bankruptcy court, this Court lacks the equitable power to control disposition of the debtor's assets. While the bankruptcy court does possess jurisdiction over all of the debtor's property, other provisions of the Bankruptcy Code, as examined above, enable states to proceed with actions to enforce their police or regulatory power. *See also* 28 U.S.C. §1478(a).

tion is brought to enforce a Consent Order and Agreement, the Department properly may proceed before this Court. *See Department of Environmental Resources v. Pennsylvania Power Co.*, 34 Pa. Commonwealth Ct. 546, 384 A.2d 273 (1978), *rev'd on other grounds*, 490 Pa. 399, 416 A.2d 995 (1980); *Department of Environmental Resources v. Bethlehem Steel Corp.*, 23 Pa. Commonwealth Ct. 387, 352 A.2d 563, *aff'd*, 469 Pa. 578, 367 A.2d 222 (1976), *cert. denied*, 430 U.S. 955 (1977); *Department of Environmental Resources v. Leechburg Mining Co.*, 9 Pa. Commonwealth Ct. 297, 305 A.2d 764 (1973).

The sixth and eighth preliminary objections are in the nature of motions to strike for lack of conformity to a rule of court. Citing Pa. R.C.P. No. 1019(a), the individual defendants assert that Count IV of the complaint fails to set forth any well-pleaded and material facts with respect to failure to adhere to corporate formalities, substantial intertwining of personal and corporate affairs, furthering of the individual defendants' interests, failure to adequately capitalize the corporation, and mismanagement of corporate finances. Conclusions of law and/or fact, not the ultimate facts from which those conclusions may be drawn, were pleaded, the individual defendants argue. At oral argument counsel for the Department expressly agreed to file a more specific complaint setting forth the material facts upon which the Department's cause of action against the individual defendants rests; our order will give it 30 days to do so.

The first and fourth preliminary objections are in the nature of a demurrer. Emphasizing the general rule that the corporate entity should be recognized and upheld, and the fact that the various permits, Consent Order and Agreement, and Administrative Order were issued to and named the corporate defendant, but not themselves, the individual defendants assert that the

complaint's allegations do not set forth the necessary exceptional circumstances to sustain a disregard of the corporate entity.

A demurrer should be sustained only where the complaint shows on its face that the claim is devoid of merit. *Department of Transportation v. Bethlehem Steel Corp.,* 33 Pa. Commonwealth Ct. 1, 380 A.2d 1308 (1977). "[A] demurrer is not to be sustained and the complaint dismissed unless 'the law says with certainty that no recovery is possible.' " *Reinford v. Conrail,* 46 Pa. Commonwealth Ct. 167, 169, 405 A.2d 1151, 1152 (1979) (quoting *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 503, 267 A.2d 867, 868 (1970)). Our reading of the case law leads us to conclude that the complaint sufficiently set out allegations of material facts regarding the nature of the relationship between the individuals and the corporation, in particular, failure to adhere to corporate formalities *(see Zubik v. Zubik,* 384 F.2d 267 (3rd Cir. 1967), *cert. denied,* 390 U.S. 988 (1968)), substantial intertwining of personal and corporate affairs *(see Wersba v. Seiler,* 263 F. Supp. 838 (E.D. Pa. 1967), *aff'd,* 393 F.2d 937 (3rd Cir. 1968); *College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 360 A.2d 200 (1976)), undercapitalization *(Zubik, supra),* and the furthering of personal interests *(Ashley v. Ashley,* 482 Pa. 228, 393 A.2d 637 (1978)), which may constitute a legal basis for imposing liability upon the individual defendants. Any doubt as to whether the demurrer should be sustained should be resolved in favor of refusing to enter it. *Department of Transportation v. Bethlehem Steel Corp., supra.*

The third preliminary objection is a motion to strike for lack of conformity to a rule of court, namely Pa. R.C.P. No. 1019(h). The individual defendants

contend that Rule 1019(h)[2] was violated in that, while Counts I and II set forth causes of actions based on alleged violations of a Consent Order and Agreement (and the industrial waste permit it reinstated) and of an Administrative Order, none of those writings were attached to the copies of the complaint served upon the individual defendants. However, we regard Pa. R.C.P. No. 1019(d) the controlling provision. Rule 1019(d) provides that in "pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.'' Department permits have been regarded as official documents which, under Rule 1019(d) may be sufficiently pleaded by reference. *Lyncott Corp. v. Susquehanna County,* 5 Pa. D. & C.3d 144 (1978). This Court shall likewise regard a Consent Order and Agreement, a Department Administrative Order, and Department permits as official documents for purposes of Rule 1019(d) and consider the references to them in the complaint to be sufficient.

The seventh preliminary objections is in the nature of a motion to strike for scandalous and impertinent matter as to Count IV, wherein the Department sets forth a cause of action against the individual defendants. To be scandalous and impertinent, a complaint's allegations must be immaterial and inappropriate to the proof of the cause of action. *See Brennan v. Smith,* 6 Pa. Commonwealth Ct. 342, 299 A.2d 683 (1972). Such is not the case where here the plaintiff

---

[2] A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing. Pa. R.C.P. No. 1019(h).

seeks to pierce the corporate veil and to have the individual defendants held personally liable.

Accordingly, we will enter the following

ORDER

AND Now, December 15, 1980, the preliminary objections of the corporate defendant are overruled. The preliminary objection of the individual defendants in the matter of a motion for a more specific complaint as to Count IV is sustained; all other preliminary objections are overruled. The plaintiff is directed to file within 30 days an amended complaint as to Count IV; the defendants will thereafter have 30 days to plead over.