Commonwealth of Pennsylvania, Department of Environmental Resources, Plaintiff *v.* Ralph A. Veon, Inc., Ralph A. Veon, Inc., Debtor in Possession, Michael Cimba, Warren Hinks and Jack S. Courtney, Defendants.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Robert P. Ging, Jr.,* Assistant Attorney General, with him *Howard J. Wein,* for plaintiff.

*Kenneth P. Simon, Reed, Smith, Shaw & McClay,* with him *Franklyn E. Conflenti, Cauley, Birsic & Conflenti,* for defendants.

OPINION BY JUDGE WILKINSON, JR., December 15, 1980:

Ralph A. Veon, Inc. (corporation) has been engaged in surface mining and strip mining at assorted locations in Lawrence County and under various mining permits and mine drainage permits issued by the Department of Environmental Resources (Department). In October 1979, the corporation filed a petition for relief under Chapter XI of the Bankruptcy Code, 11 U.S.C. §1101 et seq. An order for Relief was entered, and that proceeding has been pending since the filing date. The corporation is a debtor-in-possession under the Bankruptcy Code. In May 1980 the Department filed a complaint in equity against the corporation and its three principal shareholders as individuals for alleged maintenance of a public nuisance and numerous violations of the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1 et seq., the Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §1396.1 et seq., and the Rules and Regulations of the Environmental Quality Board, 25 Pa. Code §1.1 et seq. The complaint requests injunctive relief and the posting of bonds to assure compliance with the orders.

The corporate defendant and the individual defendants have raised the same preliminary objections for this case as they have in *Department of Environmental Resources v. Peggs Run Coal Co.,* 55 Pa. Commonwealth Ct. 312, 423 A.2d 765 (1980). Relying upon

the discussion provided therein, we will enter the following.

ORDER

AND Now, December 15, 1980, the preliminary objections of the corporate defendant are overruled. The preliminary objection of the individual defendants in the matter of a motion for a more specific complaint as to Count V is sustained; all other preliminary objections are overruled. The plaintiff is directed to file within 30 days an amended complaint as to Count V; the defendants will thereafter have 30 days to plead over.