**Dauphin Deposit Bank and Trust Co. v. Crowe**

*Lawrence V. Young,* for plaintiff.
*Allen H. Smith,* for defendants.

HORN, *J.,* February 17, 1993—This matter comes before this court on defendants' preliminary objections to the amended complaint. Defendants move to strike the amended complaint, to dismiss this action for lack of subject matter jurisdiction, and to strike as impertinent paragraph 12E. We refuse all defendants' motions.

Defendants, Stephen R. and Lillian L. Crowe, received a loan from plaintiff, Dauphin Deposit Bank and Trust Company, in return for defendants' promise to pay the principal with interest (complaint, exh. A, promissory note) and a mortgage on defendants' property situate at R.D. no. 2, Airville, Pa. 17302. Payments were to be made according to the note in monthly installments beginning November 7, 1986.

Plaintiff alleges that defendants have failed to pay installments due on November 7, 1991 through July 7, 1992 and are in default under the terms of the note and mortgage. Pursuant to law, plaintiff directed two separate notices to defendants (exh. C). These notices provided defendants a minimum of 30 days in which to cure the default or attempt some other resolution with the plaintiff or through the assistance of a consumer credit counseling agency. These notices were sent pursuant to 41 P.S. §403(a) (Act 6 notice) and 35 P.S. §1680.403(c) (Act 91 notice) respectively.

Defendants allegedly did not respond or take any action with regard to these notices. Consequently, plaintiff filed its original complaint in mortgage foreclosure on August 7, 1992. Defendants filed preliminary objections to the complaint prompting plaintiff to amend its complaint. In addition to the amended complaint, plaintiff submitted a legal brief addressing one of defendant's preliminary objections not addressed by the amended complaint.

Defendants objected to the amended complaint, primarily renewing their original objections. Initially, defendants moved to strike the amended complaint under Pennsylvania Rule of Civil Procedure 1028(a)(6). Defendants argue that the original and amended complaints are identical causes of action and that the original is still active. Defendants contend that plaintiff's brief in reply to their original preliminary objections indicates an in-

tention to rely on the original complaint. Defendants maintain, therefore, that the original complaint represents a prior pending action.

Pennsylvania Rules of Civil Procedure provide:

"A party may file an amended pleading as of course within 20 days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot." Pa.R.C.P. 1028(c)(1), 42 Pa.C.S.

Plaintiff amended its complaint within the appropriate amount of time, purporting to cure only some of defendants' preliminary objections. Plaintiff's brief responds to the jurisdictional issue not affected by the amended complaint.

We refuse defendants' motion to strike the amended complaint. Defendants misinterpret plaintiff's actions and the relevance of its brief. The amended complaint mirrors the original with the exception of one paragraph. The brief supports that portion of the amended complaint which was not changed from the original and which would likely be objected to again.

Although early, plaintiff's brief does not offend any Pennsylvania Rules of Civil Procedure. Even if it were a procedural error, we would not hesitate to disregard the order in which these objections and briefs were filed. See Pa R.C.P. 126, 42 Pa.C.S. This is true because to strike the amended complaint would only cause delay and increase costs, while the alternative course of action does not prejudice either party.

Defendants object as well to this court's jurisdiction over the subject matter. Defendants contend that the notice of intention to foreclose, the Act 6 notice, was invalid, denying the basis of jurisdiction. Defendants maintain

that the Act 6 and Act 91 notices were not intended to be sent simultaneously to the mortgagor. Defendants suggest that the Act 6 notice should follow 30 days after the Act 91 notice.

Plaintiff argues that less confusion will be created the closer in time these notices are sent and received. Plaintiff reasons that these notices together apprise the mortgagors of all available options, which the Act 91 notice does not accomplish alone.

We conclude that these notices may be sent simultaneously. Both the Act 6 and Act 91 notices must precede foreclosure·or the commencement of any other legal action by a minimum of 30 days. Neither section places any additional time limitations on an Act 6 notice or dictates a particular sequence for their dispatch.

We agree with plaintiff's argument that these notices benefit the mortgagor if they are received at or about the same time. The Act 91 notice instructs the mortgagor of the various means of resolution and a timetable in which they must be accomplished. Specifically, the Act 91 notice directs the mortgagor to meet with the mortgagee or a designated consumer credit counseling agency to negotiate a modification of the original payment schedule. 35 P.S. §1680.403(c). In addition, the Act 91 notice informs the mortgagor of the availability of financial assistance through the Homeowner's Emergency Mortgage Assistance Program.

The Act 6 notice presents additional options with less maneuverability than options under Act 91. The mortgagor has the right, among other things, to cure the default, or possibly, the right to transfer the real estate to another party. 41 P.S. §403(c)(3), (6). These two notices together provide the mortgagor with the immediate alternatives and the time in which the mortgagor has to accomplish each, as well as the consequences for failing to act.

While defendants are correct that Act 6 notice is a condition of our jurisdiction, we do not agree that it was

ineffective. Accordingly, we conclude that jurisdiction is proper.

Finally, defendants move to strike as impertinent matter section E of paragraph 12. Defendants argue that paragraph 12E is inconsistent with the paragraph that immediately follows section E. Plaintiff amended its original complaint to plead, more specifically, attorney's fees identified in paragraph 12E.

Impertinent matter includes allegations which are not relevant or material to the case. *Commonwealth, Dept. of Environmental Resources v. Peggo Run Coal,* 55 Pa. Commw. 312, 423 A.2d 765 (1980). Plaintiff amended its complaint to conform to Act 6, which permits the recovery of attorneys fees which are "reasonable and actually incurred." 41 P.S. §406(2). Paragraph 12E states that attorney's fees will be 5 percent of the principal in accordance with the mortgage agreement. The succeeding paragraph does not necessarily concede that the 5 percent figure is inappropriate.

We conclude that paragraph 12E, dealing with the "attorney's fees," is an item of cost that cannot be determined in the pleading stage. The purpose of the right to an attorney's fee is not necessarily to guarantee the mortgagee full payment of the fee charged but to defray the cost of foreclosure proceeding by providing a reasonable sum in the light of all the circumstances. This issue may be better resolved at the execution stage of the proceeding rather than in the pleading.

## ORDER

And now, February 17, 1993, the defendants' preliminary objections to the amended complaint and this court's jurisdiction are refused.

The defendant shall answer the complaint within 30 days of the date of this order.