**Baird v. Macklin**

C.P. of Beaver County, no. 11476 of 2008.

*J.W. Hernandez-Cuebas,* for plaintiff.
*Daniel B. McLane* and *Paula J. Allan,* for defendants.

KUNSELMAN, *J.,* December 11, 2008—This court was asked to rule on preliminary objections filed by the defendant to plaintiff's complaint. For the reasons that follow, we are sustaining the objections in part and overruling the objections in part.

## BACKGROUND

Plaintiff is a minority member in the limited liability company known as Bee Property Management LLC. The defendants, Richard and Lisa Macklin are the two other members of this company. Plaintiff filed this lawsuit claiming three counts: an accounting, a partition of property and a dissolution of the LLC.

Defendants filed preliminary objections to the complaint on numerous grounds. First, they maintain that plaintiff cannot sue them individually, and therefore the complaint must be dismissed in its entirety. They also argue that each of the three counts of the complaint should be dismissed for various reasons. Defendants further maintain that certain paragraphs of the complaint should be stricken as scandalous or impertinent matter. Finally, defendants claim that the plaintiff's claim for attorney's fees should be stricken.

We note that we were severely hampered in making our decision on the defendants' preliminary objections, because plaintiff failed to file a responsive brief setting forth his arguments and the legal authority to support his position on these issues, as required by the local rules of civil procedure. Additionally, there is also a lack of case law in Pennsylvania regarding the claims asserted by the defendants. Having thoroughly researched the issues

raised by the defendants, we will address each of the defendants' objections to the complaint.

### A. *Can Plaintiff Sue Defendants in Their Individual Capacity?*

In their first preliminary objection, defendants maintain that the complaint should be dismissed in its entirety because the law regarding limited liability companies prohibits them from being sued as individuals. They rely on section 8991 of the LLC law to support their position. That section provides:

"8991 Parties to actions

"(b) Members as parties—a member of a company is not a proper party to an action or proceeding by or against the company, except where the object is to enforce the right of a member against, or his liability to, the company."

At first glance, it would appear that defendants cannot be sued in their individual capacity. Indeed, under most circumstances, protection from individual liability is one of the protections the law gives to the members of a limited liability company. However, the statute provides an exception where the object of the lawsuit is to enforce the right of a member against the company.

Defendants have cited no case law to support their position. Our research found no case law addressing this issue in Pennsylvania, since an LLC is a relatively new legal entity in this state.

To find authority regarding defendants' argument, we looked to other jurisdictions, where a minority member

of an LLC filed a claim for dissolution. Pennsylvania's statute, section 8991(b) of the LLC law, is identical to the statutes of several other states, including New York, Texas and South Dakota, to name a few.

We found that claims for dissolution of an LLC have been filed in many different forms. Some have captions naming individual members; some also list the LLC as the sole defendant or as a defendant in addition to the individual members. Others used only an "in re [ABC] company" designation in the caption. It does not appear that plaintiff's naming the other members of the LLC as individual defendants is fatal to his claim. In fact, it appears that this is the type of lawsuit where it is appropriate to name the individual members of the company as parties. See *Adler v. Touberg*, 881 A.2d 1267 (Pa. Super. 2005) (president and 50 percent shareholder of medical corporation sued other shareholders requesting appointment of a custodian; medical corporation was not named as a party defendant).

In many dissolution claims in states with statutes identical to Pennsylvania's statute, one member seeking dissolution of an LLC filed suit against the other individual members of the LLC. See *e.g., Caplash v. Rochester Oral Maxillofacial Surgery Assoc. LLC,* 851 N.Y.S.2d 769 (2008) (one member of LLC filed suit against LLC and second member to dissolve LLC); *Horning v. Horning Construction LLC,* 816 N.Y.S.2d 877 (2006) (member sued LLC and two other members to dissolve LLC); see also, *Haley v. Talcott,* 864 A.2d 86 (Del. Ch. 2004) (although Delaware statute not identical to PA, Delaware Code limits liability of LLC members,

and provides that member can seek judicial dissolution of LLC, which one member requested in lawsuit against other member).

We note that this is not a case where plaintiff is seeking money damages or personal liability of the defendants. Instead, plaintiff is exercising his legal right to petition the court to dissolve the LLC, of which these individual defendants are members. He is essentially asking the court to decide his rights as a member of an LLC vis-à-vis the rights of the other members of the LLC. The statute regarding dissolution, section 8972, does not set forth how a minority member must petition the court, only that the member has the right to do so. That section provides, "On application by or for a member, the court may order dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the operating agreement." 15 Pa. C.S. §8972.

While it is true that plaintiff may ultimately recover money, if dissolution is ordered and a receiver is appointed to dissolve the company, dissolution is a statutory remedy. Plaintiff has not set forth a claim for money damages in any of the counts of this complaint. Therefore, defendants' concerns about being named as defendants in their individual capacity are misplaced.

Based on this discussion, we will overrule defendants' preliminary objection, in part, and allow the plaintiff's complaint, naming the individual members of the LLC as defendant parties to this action to proceed.

However, we are concerned about plaintiff's claim against the Macklins d/b/a Bee Property Management

LLC. Defendants comment on this deficiency in a footnote to their brief. We do not believe that listing the individual Macklin defendants as d/b/a/ Bee Property Management LLC is a proper designation, because the Macklins are not the only members of the LLC. Since we agree with defendants that this is an improper designation, we are sustaining the preliminary objection in part.[1]

Plaintiff must either name the LLC as a separate defendant, which was done in most of the cases we found (see *Caplash, Horning,* and *Haley, supra*) or drop the LLC as a party to the suit, which was also done in at least one of the cases we found. See *e.g., Kirksey v. Grohmann,* 754 N.W. 825 (S.D. 2008) (where two sisters sued the other two sister members of a farming LLC, requesting judicial dissolution, without naming the LLC as a party).

Because we are sustaining the preliminary objection in part, as it relates to the designation of the individual Mackin defendants as d/b/a Bee Property Management LLC, we will give plaintiff 30 days to file an amended complaint consistent with this decision.

### B. *Does Plaintiff's Complaint State a Legally Sufficient Claim for Dissolution of the LLC?*

Defendants maintain that Count III of plaintiff's complaint, for dissolution, should be dismissed under Pa.

---

1. We also believe it is inappropriate for plaintiff to name himself as a party who is d/b/a Bee Property Management LLC since he is not the only member of the LLC. This designation should be dropped from the caption on the part of the plaintiff.

R.C.P. 1028(a)(4) because it is legally insufficient to state a claim. When we consider a preliminary objection in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4), this court "must accept as true all well-pleaded facts and all reasonable inferences deducible therefrom, and determine with certainty that no recovery is possible." *McNeil v. Jordan,* 586 Pa. 413, 435, 894 A.2d 1260, 1273 (2006). (citations omitted) This standard of review sometimes is couched in terms of a prima facie case. For example, in *Weber v. Bell Telephone Company,* 415 Pa. 292, 295, 203 A.2d 554, 556 (1964), the Pennsylvania Supreme Court held that where the complaint does not facially disclose a prima facie case, the trial court does not err in sustaining a demurrer.

In order to set forth a prima facie case for dissolution of an LLC, section 8972 of the LLC law requires a plaintiff to allege that it is not reasonably practicable to carry on the business in conformity with the operating agreement. 15 Pa. C.S. §8972. Plaintiff fails to allege this necessary requirement in the complaint. Nowhere in the complaint does plaintiff allege that there is a deadlock in the management of Bee Property Management LLC. Plaintiff also fails to allege that the business is now a failure or is unprofitable. Plaintiff does not claim that the business cannot be run in conformity with the operating agreement.

Alternatively, a plaintiff can assert grounds for dissolution under the specific terms of the LLC's operating agreement. The operating agreement in this case provides that the company shall dissolve, and its affairs shall be wound up, upon the first to occur of the following: (a)

the written direction of the members, or (b) the entry of a decree of judicial dissolution under section 8792 of the LLC law. Plaintiff does not allege either of these events in his complaint.

Because plaintiff does not assert facts which would allow him to proceed statutorily or contractually with a claim for dissolution, defendants' preliminary objection in the nature of a demurrer as to Count III of the complaint is sustained.

Defendants are requesting us to dismiss this count of the complaint with prejudice. We do not believe this is appropriate at this juncture. "Where a trial court sustains preliminary objections on the merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend." *Jones v. City of Philadelphia,* 893 A.2d. 837, 846 (Pa. Commw. 2006) (citing *Harley Davidson Motor Co. v. Hartman,* 296 Pa. Super. 37, 42, 442 A.2d. 284, 286 (1982 ). If the pleading can be cured by an amendment, a court "must give the pleader an opportunity to file an *amended complaint.* This is not a matter of discretion with the court but rather a positive duty." *Framlau Corporation v. County of Delaware,* 223 Pa. Super. 272, 276, 299 A.2d 335, 337 (1972). (emphasis added) (citations omitted)

Plaintiff has alleged numerous facts, which may give him grounds to state a cause of action for dissolution. Therefore, we will grant him leave to file an amended complaint within 30 days.

## C. *Does Plaintiff's Complaint Allege a Proper Basis Under Which Plaintiff Would Be Entitled to a Partition of the Property?*

In Count II of his complaint, plaintiff seeks a partition of certain real property located in Beaver County. Plaintiff alleges that the property is held by the parties as tenants in common. Plaintiff attached a copy of the deed for the property in question to his complaint as an exhibit. The deed plainly identifies Bee Property Management LLC as the grantee and owner of the property. Thus, it is obvious on the face of this document, that the plaintiff and the individual defendants do not own the subject property as tenants in common.

The LLC law, 15 Pa.C.S. §8923, and the operating agreement both prohibit the individual members of the LLC from holding title to LLC property in their individual names.

Plaintiff cannot possibly state a valid cause of action for partition, and therefore, the preliminary objection as to Count II of the complaint is sustained. The count for partition in the complaint will be dismissed with prejudice. The trial court does not have to grant leave to amend a complaint where there is no possible recovery under a better statement of the facts. *Jones v. City of Philadelphia,* 893 A.2d 837, 846 (Pa. Commw. 2006). There is no way plaintiff's claim for partition can be cured by an amendment. Because we are sustaining defendants' preliminary objection regarding the partition claim based on the plain language of the deed itself, we need not address defendants' arguments under Rules 1553 and 1554(b) of the Rules of Civil Procedure.

### D. *Does Plaintiff's Complaint State a Separate Cause of Action for Accounting?*

Defendants argue that Count I of the plaintiff's complaint inappropriately asserts a separate cause of action for an accounting. Defendants' brief is devoid of any Pennsylvania case law to support their claim, and our research found no cases from this jurisdiction regarding members of an LLC alleging a claim for accounting.

It appears from our research in other jurisdictions that a claim for an accounting is a common count in a lawsuit claiming dissolution of an LLC. See *e.g., Fulp v. Holt,* 284 Ga. 751. There are Pennsylvania cases where a party has successfully alleged a separate cause of action for accounting. Those cases did not involve an LLC, but involved other fiduciary relationships between individuals. See *Lackner v. Glosser,* 892 A.2d 21 (Pa. Super. 2006).

Defendants argue that in Pennsylvania, a party is only entitled to an accounting when there are underlying claims that warrant a recovery of damages. This is true for a claim of accounting at law. Under Rule 1021 of the Rules of Civil Procedure, a plaintiff may seek an accounting as part of his remedy at law. However, the right to relief "pursuant to Rule 1021 is merely an incident to a proper assumspit claim." *Buczek v. First National Bank of Mifflintown,* 366 Pa. Super. 551, 555, 531 A.2d 1122, 1123 (1987).

In this case, plaintiff cannot assert a claim for an accounting pursuant to Rule 1021, because plaintiff did not assert a breach of contract claim or any other claim for

assumpsit. Plaintiff did not allege that he paid funds to the defendants or to the LLC that were due and owing and properly payable. Plaintiff did not claim that he overpaid sums owed to the LLC or the Macklins. Thus, plaintiff has not stated a cause of action at law for an accounting.

A plaintiff in Pennsylvania may also assert a separate action for an accounting in equity, provided there is a sustainable underlying equity claim. See *Koch v. First Union Corp.,* 2002 WL 372939 (Pa.Com.Pl. Phila. Cty. 2002). Thus, plaintiff must state another valid equitable cause of action in order to proceed with a claim for accounting.

In requesting an accounting, a complaint "seeks to turn over to the party wrongfully deprived of possession, all benefits accruing to defendant by reason of its wrongful possession." *Boyd & Mahoney v. Chevron U.S.A.,* 419 Pa. Super. 24, 36, 614 A.2d 1191, 1197 (1992). An equitable accounting is proper where a fiduciary relationship exists between the parties, where fraud or misrepresentation is alleged, or where the accounts are mutual or complicated, and plaintiff does not possess an adequate remedy at law. *Rock v. Pyle,* 720 A.2d 137, 142 (Pa. Super. 1998).

In this case, plaintiff alleges numerous facts which seem to indicate that he believes the company has not been paid certain funds and/or that the defendants have not properly distributed profits of the LLC and have not provided information to him as a member of the LLC. Taking all well pleaded facts as true, for purposes of deciding these preliminary objections, plaintiff may be

able to allege a separate cause of action if the defendants and/or the LLC is holding money that is properly due to him, but he has not alleged a legally valid claim at this point. In his complaint, plaintiff fails to allege any of the required elements of the cause of action for an accounting: the existence of a fiduciary relationship; fraud or misrepresentation; that the accounts are mutual or complicated, or that plaintiff does not possess an adequate remedy at law. Thus, Count I of plaintiff's complaint in its current form is legally insufficient to state a separate cause of action for an accounting, and we will sustain defendants' preliminary objection to this count.

At this point of the litigation, we are unsure whether plaintiff will be able to allege a legally sufficient claim for dissolution. Assuming he can, plaintiff should also be given the opportunity to amend his complaint to state a legally sufficient equity claim for an accounting. We will grant plaintiff leave of court to file an amended complaint within 30 days.

### E. *Should Certain Paragraphs of the Complaint Be Stricken Because They Contain Scandalous and Impertinent Matter?*

Defendants filed a preliminary objection seeking to dismiss paragraphs 16, 17, 18 and 21 of the complaint because they allegedly contain scandalous and impertinent matter. Again, plaintiff offered no argument concerning the validity or necessity of the contested paragraphs.

Defendants maintain that because these paragraphs mention legal entities which are not at issue in this litiga-

tion, they are wholly unnecessary to the pleading. Pa.R.C.P. 1028(a)(2) permits a motion to strike for the purpose of preliminarily objecting to the pleading, based upon the inclusion of scandalous or impertinent matter. *White v. George,* 2004 WL 1739862 (Pa.Com.Pl. Mercer Cty. 2004); *Calvert v. New Freedom Borough,* 21 D.&C.4th 303 (York Cty. 1993).

Scandalous and impertinent has been defined as "immaterial and inappropriate to the proof of the cause of action." *Commwealth, Department of Environmental Resources v. Peggs Run Coal Company,* 55 Pa. Commw. 312, 320, 423 A.2d 765, 769 (1980). The right to strike impertinent matter should be exercised sparingly; unless there is prejudice, the motion should not be granted. *SEPTA v. Philadelphia Transportation Co.,* 38 D.&C.2d 653, 656 (Phila. Cty. 1965). Further, where matter is impertinent but not injurious, it need not be stricken. *Id.*

The allegations set forth in paragraph 16 appear to be a follow-up to the allegations of paragraph 15, where plaintiff alleges that the operating agreement of the LLC at issue in this case does not provide for a distribution of profits. In paragraph 16, plaintiff claims that, under a fictitious name, he personally had a separate agreement with another company to maintain trucks owned and leased by the other company. We fail to see how this paragraph relates to any of the counts in plaintiff's complaint. The inclusion of this information in the complaint is immaterial to the causes of action and therefore inappropriate, and shall be stricken.

Paragraphs 17 and 21 set forth allegations concerning other legal entities, Bee Mac Trucking LLC, R & B

Trucking and Bee Mac Equipment, none of which appear to be at issue in this case. Accordingly, the inclusion of this information is immaterial to the causes of action raised by the plaintiff. Thus, those paragraphs shall also be stricken.

Finally, paragraph 18 of the complaint contains allegations about a fuel tank which was located on the property owned by Bee Property Management which is the subject of plaintiff's litigation. At this point, we cannot discern the relevance of this paragraph to plaintiff's claims. Since we are allowing plaintiff to amend his complaint with respect to the counts for dissolution and accounting, and this information may be relevant to those claims, we will not strike this paragraph at this juncture. When plaintiff files an amended complaint, it will hopefully set forth other facts which might explain the relevance of these allegations.

### F. *Can Defendants State a Claim for Attorney's Fees?*

Defendants' final preliminary objection challenges plaintiff's claim for attorney's fees. Defendants maintain that these fees are not recoverable under Pennsylvania law absent express statutory authority, clear agreement between the parties, or the existence of some other established exception. We agree.

The defendants cite the Pennsylvania Supreme Court case of *Corace v. Balint,* 418 Pa. 262, 271, 210 A.2d 882, 887 (1965) to support their position. In that case, the Supreme Court cited authority dating back to 1906, for the premise that the courts have never allowed an adverse

party to recover counsel fees absent some statutory authority that allows for a recovery of such fees. *Smith v. Equitable Trust Company,* 215 Pa. 413, 417, 64 A. 591, 592 (1906).

Since Plaintiff fails to allege the basis for his claim of attorney's fees, the defendants' preliminary objection is sustained. If plaintiff has a valid basis to allege the recovery of attorney's fees, he may set forth this claim in his amended complaint.

## CONCLUSION

Based on the discussion herein, we are sustaining the preliminary objections in part and overruling them in part. We therefore enter the attached order.

## ORDER

And now, December 11, 2008, with respect to defendants' preliminary objections to plaintiff's complaint, it is hereby ordered and decreed as follows:

(1) The objection concerning the naming of the defendants in their individual capacity is overruled in part and sustained in part.

(2) The objection concerning the legal sufficiency of Counts I and III of the complaint are sustained. Those counts are dismissed without prejudice.

(3) The objection concerning the legal sufficiency of Count II of the complaint is sustained. This count is dismissed with prejudice.

(4) The objection concerning scandalous and impertinent matter contained in certain paragraphs of the complaint is sustained with respect to paragraphs 16, 17 and 21. Those allegations are dismissed. The objection to paragraph 18 is overruled at this time.

(5) The objection concerning plaintiff's request for counsel fees is sustained. This claim for relief is dismissed without prejudice.

(6) Plaintiff is hereby granted leave to file an amended complaint consistent with this memorandum opinion and order within 30 days.